People of the State of Illinois ex rel. John W. Barber, Appellants, v. W. E. Hargreaves et al., Appellees.

Gen. No. 9,194.

388

Heard in this court at the
April term, 1939. Opinion filed January 15, 1940. Rehearing
denied February 23, 1940.

WILLIAM P. ROBERTS, State's Attorney, and GILLES-
PIE, BURKE & GILLESPIE, all of Springfield, for appel-
lants.

LORD, BISSELL & KADYK, of Chicago, and GRAHAM &
GRAHAM, of Springfield, for appellees.

MR. JUSTICE FULTON delivered the opinion of the
court.

On the 28th day of February, 1938, the People of the
State of Illinois on the relation of John W. Barber, by
the State's Attorney of Sangamon county, the appel-
lants in this court, filed their complaint in quo warranto
against the appellees, who are about 1,900 individuals,
charging that for the space of 40 days and more last
past, they had as such individuals, been and then were
exercising without authority the claimed right to trans-
act insurance business in the State of Illinois as an
alien Lloyds.

The appellees, after preliminary motions were dis-
posed of by the court, filed their answer setting up 13
defenses. The first defense denied that appellees were
exercising such right without authority and set up in
substance that pursuant to a decision by the director of
the department of insurance of the State of Illinois that
they had complied with the requirements of the Illinois
Insurance Code, and had procured a certificate of
authority from the said director, which was issued to
them on the 28th day of December, 1937, to be in effect
until June 30, 1938.

Appellees' second defense alleged in substance that
prior to July 1, 1937, appellees were authorized to
transact, and were transacting insurance business in
the State of Illinois pursuant to a certificate of author-
ity then in effect, and that such certificate of authority
was renewed by the director in accordance with the
provisions of the Illinois Insurance Code, after the
director had determined that they had complied with

the requirements of the code. A motion to strike appellees' third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth defenses was sustained. The motion of appellants to strike defenses first and second above set forth was denied. A motion by the appellees to carry back the appellants' motion to strike the answer and to dismiss the complaint was also denied.

Appellees then filed an amended answer containing their fourteenth, fifteenth and sixteenth defenses alleging in substance that for more than five years prior to July 1, 1937, appellees were transacting an insurance business in Illinois, and each year prior to and including 1936, appellees complied with the laws of Illinois and procured from the director of insurance a certificate of authority to transact insurance in Illinois, and that said certificate was renewed annually; that the certificate of authority obtained July 1, 1936, was for a period of one year ending June 30, 1937, and upon its termination, section 114 of the code required the director to renew said certificate for one year without application by appellees, upon the payment of the annual privilege tax imposed by the code, which was duly paid by appellees, and upon such payment the director renewed said certificate of authority for a period of one year ending June 30, 1938; and by reason of sections 187 and 201 of the code, no order, judgment or decree enjoining, restraining or interfering with the prosecution of the business of appellees may be made or granted other than upon the petition of the director represented by the Attorney General, in the manner provided in section 188 of the code and made applicable to appellees by section 197, and said certificate of authority could only be cancelled by the director in the manner provided by section 119 of the code.

The appellants filed a reply to the first and second defenses setting forth that while the appellees had ob-

tained a certificate of authority on December 28, 1937, it was issued improperly and without warrant of law because of a failure to comply with the requirements and conditions prescribed by the Illinois Insurance Code precedent to the issuance of a certificate of authority to transact business in the State of Illinois as an alien Lloyds.

Appellants also moved to strike the fourteenth, fifteenth and sixteenth defenses on similar grounds, alleging that the said answer or defenses do not state facts constituting a legal defense; that the matters set forth are immaterial and irrelevant and fail to set out facts which show lawful authority in the appellees to exercise the right to transact an insurance business in the State of Illinois as an alien Lloyds, and that it fails to disclose facts showing compliance by appellees with the requirements and conditions prescribed by the Illinois Insurance Code preceding the issuance of a certificate of authority. The appellees moved to strike appellants' reply to the first and second defenses.

The trial court sustained appellees' motion to strike appellants' reply to the first and second defenses, and overruled appellants' motion to strike appellees' fourteenth, fifteenth and sixteenth defenses, and carried back to the complaint appellants' motion to strike the original complaint and dismissed the complaint for lack of capacity of appellants to maintain the action. The court then rendered judgment that appellants take nothing by their suit and that appellees recover their costs from the relator.

From these orders and the judgment of the court the appellants have perfected this appeal. They pray that the said judgment be reversed and the cause remanded to the circuit court of Sangamon county, with directions to vacate and set aside the foregoing orders.

On June 28, 1938, the court granted Ernest Palmer, director of insurance of the State of Illinois, by John B.

Harris, an Assistant Attorney General, to appear as *amicus curiae,* who presented an argument and resisted the petition filed in this cause, and asked for its dismissal.

The major portion of the controversy in this case arises over the construction of section 201 of the Insurance Code and the consideration of whether or not it is applicable and controlling in this proceeding. Section 201 reads as follows:

"Sec. 201. Who May Apply for Appointment of Receiver or Liquidator.) No order, judgment or decree enjoining, restraining or interfering with the prosecution of the business of any company, or for the appointment of a temporary or permanent receiver, rehabilitator or liquidator of a domestic company, or receiver or conservator of a foreign or alien company, shall be made or granted otherwise than upon the petition of the Director represented by the Attorney General as provided in this article, except in an action by a judgment creditor or in proceedings supplementary to execution after notice that a final judgment has been entered and that the judgment creditor intends to file a complaint praying for any of the relief in this section mentioned, has been served upon the Director at least thirty days prior to the filing of such petition."

It is the contention of appellants that said section of the Insurance Code relates wholly to "rehabilitation, liquidation, conservation and dissolution of companies" and to the appointment of a receiver or liquidator, as the title to the article under which it appears and the heading of section 201 itself implies. Article XIII of the Insurance Code, under which section 201 appears, is entitled "Rehabilitation, Liquidation, Conservation and Dissolution of Companies." That therefore, the section could not in any manner be construed to control or affect the present proceeding.

The statute providing for the Insurance Code, adopted in 1937, is complete in itself and the sections

should be construed and treated as a part of the entire act. Under section 2(e) the word "Company" is defined to mean an insurance company and deemed to include individuals engaged in any kind of insurance business. In section 187 defining the scope of Article XIII it is asserted that the article shall apply to every company which is doing an insurance business in the State of Illinois. Section 201 expressly states that no order, judgment or decree enjoining, restraining or interfering with the prosecution of the business of any company, shall be made or granted otherwise than upon the petition of the director represented by the Attorney General. Through other sections of the article reference is made to "Every Company." Statutes are to be construed so as to give each word and sentence its ordinary and accepted meaning. *Ruda v. Industrial Board of Illinois,* 283 Ill. 550. In *People v. Nash,* 364 Ill. 224, it was held that certain sections of the Revenue Act should be construed together in order to gather the legislative intent. In that case the court said, "Sections are purely artificial divisions of the Statute," and in quoting with approval language from the case of *Warner v. King,* 267 Ill. 82, "A statute is passed as a whole and not in parts or sections, hence each part or section should be construed in connection with every other part or section. It is not proper to confine the attention to the one section to be construed."

It is our judgment that section 201 is part of the Insurance Code and that the scope of Article XIII is broad enough to include the present proceeding.

It is insisted by appellants that the Insurance Code does not intend to invest the director with arbitrary, unlimited and unrestrained power, nor to deprive the People of the State of Illinois of their right to inquire whether any license issued or granted by him has been so granted or issued improperly or without warrant of law. They urge that the General Assembly has prescribed standards for the issuance of a certificate of

authority for insurance companies to transact business in the State; that the power of the department to act at all is limited by these standards; that the statute should be strictly construed, and the question whether the action of the department was without warrant of law is a judicial question. The provision of the statute providing for a review of the action of the director of insurance by the circuit court was not asked for by appellants. They rely entirely on the question of whether or not the director acted wholly without authority.

The State of Illinois, along with many other States in the Union, have assumed a strong position with respect to the regulation, control and supervision of the business of insurance, and hold that such business affects the public interest and is therefore a subject of legislation. In pursuance to the adoption of this definite public policy, the Insurance Code was passed by the General Assembly.

Similar provisions to section 201 have been construed by courts of other jurisdictions, which appellants say are not applicable here because those cases involved suits between fraternal insurance companies and their members and that our Supreme Court has carefully distinguished between remedies belonging to the individual in his individual capacity and remedies belonging to the people as a part of their sovereignty. However, the language of the court in those cases announced principles of law which have weight in this case. In the case of *Lowery v. State Life Ins. Co.,* 153 Ind. 100, 54 N. E. Rep. 442, the court said:

"Here we have very explicit language that a court shall have no power to enjoin or interfere with the business of an insurance company except upon the condition stated, namely, the application of the Attorney-General. That the Assembly had the power to fix terms to such suits cannot be doubted, and that it has provided that no one but the Attorney-General, either

upon his own motion or upon the approved request of the Auditor of State, shall be plaintiff in such suit, is beyond controversy. This being true, we have before us a plaintiff who has no right to file a complaint,— who has no right or power to put in action the jurisdiction of the court,— and, in the absence of such right or power, we have, in contemplation of law, a case without a plaintiff or a complaint. This situation defines itself. The right of jurisdiction in a court over a subject-matter may exist, but its valid exercise depends wholly upon its being invoked by one who is entitled under the law to set it in motion."

Other cases construing similar language to the same effect are *Swan v. Mutual Reserve Fund Life Ass'n,* 155 N. Y. 9, 49 N. E. Rep. 258; *McGarry v. Lentz,* 13 F. (2d) 51. It seems to us that a statute which will prohibit a policyholder from bringing suit, which is his inherent right to do, is just as objectionable as a law which prohibits a State's Attorney from bringing a suit at quo warranto to test the validity of a certificate of authority to transact business issued by the director of insurance.

It is charged by the appellants that to give the authority claimed for the director in this case would be to delegate legislative powers to him which are in direct conflict with the constitutional command that the legislature may not delegate its legislative function to any person or body. *Chicagoland Agencies, Inc. v. Palmer,* 364 Ill. 13; *R. G. Lydy, Inc. v. City of Chicago,* 356 Ill. 230. In those cases it was said that a clear distinction exists between the power to legislate and the power to administer or regulate its exercise, once granted.

The authority of the director and the limitations upon the power of the courts to review his actions is discussed in the case of *People v. Niehaus,* 356 Ill. 104. The court there said at p. 109:

"In the case of *In re Casualty Co. of America,* 244 N. Y. 442, 155 N. E. 735, the Court of Appeals, speaking

through Chief Justice Cardozo, clearly depicts the cause of the enactment of the Illinois Insurance Liquidating act of 1925. He said: 'The system of liquidation by receivers specially appointed had proved to be dilatory and wasteful. The legislature substituted administration by a department of the government.' Our Insurance Liquidation act is patterned closely after that of New York. Prior to 1925 the method of liquidating and dissolving an insolvent insurance company was set out in sections 5 and 6 of an act with reference to the dissolution of insurance companies, approved February 17, 1874. This method required the appointment of a receiver by a court of equity upon the application of the insurance superintendent, stockholder or a creditor. The receiver had full power to collect and distribute the assets, and his compensation was determined by the court. He was in every sense an officer of the court.

"A radical change was effected in the law with reference to the liquidation of insolvent insurance companies by the 1925 act. By it the administration of the affairs of an insolvent insurance company became vested in an executive officer of the State rather than in a receiver appointed by a court. The duties which formerly devolved upon a receiver in collecting and disbursing the assets of a defunct company were imposed upon an official of the executive department of the government, subject, however, to a limited supervision by a court of equity."

Again the court said, beginning on p. 111: "The statute here involved makes the receiver an executive or administrative officer and not a judicial officer."

This case therefore holds that the power to appoint a receiver for an insolvent insurance company was vested in the director and not in the court, and that the court could not take over that power. A similar situation arose under the Banking Act, which in terms cov-

ering the appointment of a receiver resembles the Insurance Code. In the case of the *People v. Shurtleff*, 353 Ill. 248, it was held that the court had no power to remove a receiver of a closed bank who had been appointed by the auditor of public accounts, and appoint a receiver of his own selection even though the auditor had instituted proceedings in that court in connection with the liquidation of the bank, and his order attempting to do so would be expunged.

It appears to us that the power given to the director under the insurance code is regulatory and not legislative. He is vested with authority to determine whether or not a company is complying with the statute and whether any grounds exist for revoking a certificate of authority. Being an executive officer his acts, within the scope of his authority, are not and should not be subject to review by the courts. Any other rule might result in the courts substituting their judgment for that of the director.

The legislature of this State has recognized the development of the business of insurance in this State and has determined the necessity of placing the control of such business in the hands of an executive officer in order to protect the public interest. It was the intention of the General Assembly that having provided a department to handle the insurance business, it should not be disturbed by actions against such department except through the action of the officer in charge of that department.

The petition of the appellants filed in this court alleges that the appellees and each of them for a space of 40 days and more prior to the filing of the petition had been and then were exercising without lawful authority a claimed right to transact insurance business as an alien Lloyds in the State of Illinois. The law compels them before exercising such right to secure a certificate of authority from the director of insurance, which they

have done. The director of insurance is empowered by law to issue such certificate of authority and the fact that he has done so seems complete justification for the position of appellees.

It is our opinion that the trial court correctly ruled that the complaint in this cause be dismissed for lack of capacity of the appellants to maintain this action, and the judgment and orders of that court are hereby affirmed.

*Affirmed.*