**KOSTER v. (AMERICAN) LUMBERMENS MUT. CASUALTY CO. et al.**

**Civil Action No. 4322.**

District Court, E. D. New York.

Jan. 30, 1945.

Alfred Gurkin, of New York City (Abraham L. Pomerantz and William E. Haudek, both of New York City, of counsel) for plaintiff.

Townley, Updike & Carter, of New York City (Stuart N. Updike, of New York City, of counsel), for (American) Lumbermens Mut. Casualty Co.

ABRUZZO, District Judge.

The plaintiff, a citizen of New York, residing in this District, sued the three defendants above named.

The Lumbermens Mutual Casualty Company is a mutual insurance company which was organized and exists under the laws of the State of Illinois.

James S. Kemper & Co., Inc., is a corporation organized under and by virtue of the laws of the State of Illinois; and James S. Kemper, the individual defendant, is a citizen and resident of Illinois.

The plaintiff alleges that since May, 1941, he, has been and is now a member and policyholder of the Lumbermens Mutual Casualty Company and brings this action in the right and on behalf of all its members and policyholders.

The motion brought under Rules 12(b) and 19(a) of the Rules of Civil Procedure,

28 U.S.C.A. following section 723c, asserts (1) that this Court in its discretion should not entertain jurisdiction over an action requiring it to interfere with and to control the internal affairs of a foreign insurance corporation; and (2) that plaintiff has failed to bring before the Court as a defendant, an indispensable party, to wit, James S. Kemper.

The first cause of action is against Lumbermens Mutual Casualty Company and the individual defendant, Kemper, and alleges that the defendant Kemper received from the Lumbermens Mutual Casualty Company an unwarranted increase in salary and other compensation which was without consideration and constituted a gift of corporate assets.

The second cause of action, against all three defendants, alleges that the individual defendant Kemper dominated and controlled the management, personnel and business policies of the defendant, James S. Kemper & Co., Inc.; and that the defendant, James S. Kemper & Co., Inc., received commissions, fees and other payments for services to the Lumbermens Mutual Casualty Company which the Lumbermens Mutual Casualty Company could have rendered just as efficiently for itself with its own employees; and seeks an accounting of all the profits derived by the James S. Kemper & Co., Inc., because of the action so complained of.

The third and fourth causes of action against the individual defendant Kemper and Lumbermens alleges that Kemper knowingly and wilfully caused Lumbermens at various times to sell shares of stock for a sum less than the true value of the security and, by reason of these sales, the Lumbermens sustained damages in excess of $1,112,050.

The complaint demands that Kemper and the Kemper corporation be required to account to the Lumbermens for all damages and profits alleged in the complaint; and that the plaintiff be awarded the costs and expenses of this action including counsel fees and accountant's fees.

James S. Kemper, a very necessary party, especially in the first cause of action, and in the third and fourth causes of action, has not been served and, unless he is found in this jurisdiction, never can be served. The first cause of action, therefore, will, unless service is effected, necessarily fall, as will the third and fourth causes of action. The second cause of action being against all

three defendants can be tried but not against Kemper as an individual defendant. Under the first cause of action, the Lumbermens Mutual Casualty Company will receive no benefits unless a judgment directs Kemper to account for his excess in compensation. The third and fourth causes of action would necessarily have to direct Kemper, the individual, to pay back to Lumbermens a judgment up to and beyond the sum of $1,112,050. The second cause of action might possibly result in some benefit to the Lumbermens Mutual Casualty Company in the event it were tried.

Rule 12(b) of the Rules of Civil Procedure permits defenses at the option of the pleader: (1) For lack of jurisdiction over the subject matter, (2) for lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, and (6) failure to state a claim upon which relief can be granted.

The affidavit of T. H. Gillespie, secretary Lumbermens Mutual Casualty Company, in support of this motion makes the following allegations which I believe are pertinent to the issue involved:

Lumbermens does business in every one of the 48 states. It employs approximately 2,144 persons, 750 of whom are employed in the Chicago offices, the home and principal place of business of Lumbermens since its organization. All of the general records relating to the business of Lumbermens are maintained in Chicago or warehouses located closely thereby. Lumbermens has seven directors, five of whom are residents of the State of Illinois having regular places of business in the City of Chicago. The other officers are residents of the State of Illinois. None of the records necessary for the trial of the issues of this action and none of the witnesses who apparently have any knowledge of the acts alleged in the complaint live outside the State of Illinois, and most of the witnesses and all of the records are in and about the City of Chicago.

There will be involved in the trial of this action the transportation of large quantities of records from Chicago to this District. There will also be involved the traveling expenses and subsistence of witnesses for examination before trial of directors, officers and employees of Lumbermens and the attendant loss of time of these witnesses when they come to this District. If the defendant is successful, it would be most unjust to require the tremendous expense involved, and this is true should the plaintiff be successful.

It is important to note at this point that this plaintiff apparently never attended any meetings of the Lumbermens policyholders, wrote or spoke any criticism of the conduct or affairs of the company, or ever indicated he had any protest or complaint to make either to the Director of Insurance of Illinois or the Superintendent of Insurance of New York, or the Lumbermens Mutual Casualty Company.

Another item to be taken into consideration is the extreme emergency with respect to transportation and hotel accommodations which now exists and which will undoubtedly exist for some time to come.

The defendant contends that in the exercise of the Court's sound discretion it should decline jurisdiction and dismiss plaintiff's complaint without prejudice for renewal in the appropriate forum and, secondly, that the absence of an indispensable party defendant without whose presence the Court could render justice between the parties, preclude this Court from accepting jurisdiction.

The plaintiff does not deny he is a member and policyholder of Lumbermens. He contends that this is a derivative action brought by the plaintiff on behalf and for the benefit of the defendant, Lumbermens Mutual Casualty Company. He concedes under Point I of his brief that "It is elementary that the courts of one state * * * may in their discretion refuse to take jurisdiction of a suit involving the internal affairs of a foreign corporation." His contention is that this suit is not one involving the internal affairs of a foreign corporation but is a stockholder's derivative suit which seeks an accounting for corporate mismanagement and, as it does not involve the internal affairs of a foreign corporation, jurisdiction is mandatory. The plaintiff is not a stockholder—he is a policyholder.

In support of this contention, plaintiff cites Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa., 54 F.Supp. 588, which was an action for an accounting of profits from the use of patents. This case held that it was not an abusive discretion, even if it involves the internal management of a foreign corporation, for a District Court to accept jurisdiction of such a case. In Rogers v. Guaranty Trust Co., 288 U.S.

598

123, at page 131, 53 S.Ct. 295, at page 298, 77 L.Ed. 652, 89 A.L.R. 720, the Supreme Court stated as follows:

"Obviously no definite rule of general application can be formulated by which it may be determined under what circumstances a court will assume jurisdiction of stockholders' suits relating to the conduct of internal affairs of foreign corporations. But it safely may be said that jurisdiction will be declined whenever considerations of convenience, efficiency, and justice point to the courts of the state of the domicile as appropriate tribunals for the determination of the particular case."

Overfield v. Pennroad Corporation, 3 Cir., 113 F.2d 6, cited in support of plaintiff's contention, is not in point for the reason that the plaintiff, who was a citizen and resident of the State of Utah, instituted suit in the Eastern District of Pennsylvania, basing federal jurisdiction upon diversity of citizenship. All of the individual defendants and directors of the defendant were citizens of Pennsylvania. The court properly accepted jurisdiction.

■ The Rogers case is authority for the settled doctrine that a court, state or federal, as a general rule will decline to interfere with the internal affairs of a corporation organized under the laws of another state, but will leave controversies as to such matters to the courts of the state of domicile.

Our own Circuit Court of Appeals, on February 26, 1942, in the case of Cohen v. American Window Glass Co., 126 F.2d 111, reiterated the rule in the Rogers case and added (126 F.2d at page 114):

"* * * it seems proper to observe a definite trend away from decision of nonfederal matters in federal courts except where jurisdiction is clear; * * *."

It should be borne in mind too that there are regulatory statutes in Illinois and these statutes indicate that certain actions affecting the internal management of insurance companies organized under its laws must be maintained in the first instance by the Director of Insurance represented by the Attorney General. The decisions seem to indicate that upon a proper showing, if the Director of Insurance refuses to act, mandamus will lie to compel him to perform his statutory duty. People ex rel. Benefit Association of Railway Employees v. Miner, 1944, 387 Ill. 393, 56 N.E.2d 353; People ex rel. Harber v. Hargreaves, 1940, 303 Ill.

App. 387, 25 N.E.2d 416; Micezey v. Missouri State Life Insurance Company, 1934, 273 Ill.App. 281.

This may be of importance in view of the fact that the plaintiff has never communicated or made any complaint to the Insurance Department of the State of Illinois.

It is evident that the action involves the internal management of a foreign corporation, and it is apparent too that the consideration of convenience of witnesses and efficiency and justice demand that this Court refuse to entertain jurisdiction. The plaintiff and his lawyer it seems would be the only persons needed to prosecute this action in Illinois. Due to the number of witnesses that would necessarily have to be called by the defendant and the records introduced in evidence, all found in and around the City of Chicago, this supports the conclusion that the case should properly be tried in Illinois.

■ Kemper, the individual, is undoubtedly an indispensable party defendant and vitally necessary to support the allegations in the complaint, especially the first cause of action, and the third and fourth causes of action. The defendant should not go to trial without that party having been served so as to be before the Court. Shields v. Barrow, 1855, 17 How. 130, 15 L.Ed. 158; State of California v. Southern Pacific Co., 157 U.S. 229, 15 S.Ct. 591, 39 L.Ed. 683; United States v. Washington Institute of Technology, 3 Cir., 138 F.2d 25 referring to Rule 19(a) of the Rules of Civil Procedure, stated (138 F.2d at page 26):

"As described in the leading case upon the matter, they were persons who had such an interest that any final decree rendered had to affect that interest."

The opinion referred to the rule laid down in Shields v. Barrow, supra.

The Court could not justly render a judgment or a decree consistent with equity and good conscience unless Kemper was properly before this Court. This is especially true because Kemper is the sole defendant against whom relief is sought in the first, third and fourth causes of action, and his right, expressions, and duties are inseparable from those of James S. Kemper & Co., Inc., his co-defendant in the second cause of action.

■ There may be some justice to the contention of the defendant that as the action is only at issue for three months it

is conceivable that Kemper might be served. On the other hand, if he were not served when the action came before the Court for trial and, if an order were not made by me, it is conceivable that the case would be pressed to trial without Kemper and the defendant thereby would lose the value of its rights. Under these circumstances, it would be perfectly proper for this Court to direct an order to be entered staying the trial of the second cause of action until Kemper was served. That direction does not seem to be necessary in view of my conclusion that the action should be dismissed because the suit relates to the internal affairs of a foreign corporation and that the convenience of witnesses and efficiency and justice demand that the courts of the state of domicile of Lumbermens and the Kemper corporation are the appropriate tribunals for the determination of this case.

Enter an order in accordance with this decision on notice.