Edward V. Mulcrone, Appellee, v. Timothy J. O'Connor, Commissioner of Police of City of Chicago, William A. Lee, President of Civil Service Commission of City of Chicago, Albert L. Williams, and John J. Ahern, Members of Civil Service Commission of City of Chicago, and City of Chicago, a Municipal Corporation, Appellants.

## Gen. No. 47,005.

First District, Second Division.

May 21, 1957.

Released for publication June 18, 1957.

John C. Melaniphy, Corporation Counsel of City of Chicago, of Chicago (Sydney R. Drebin, and Robert J. Collins, Assistant Corporation Counsel, both of Chicago, of counsel) for defendants-appellants.

Francis T. Delaney, of Chicago, for plaintiff-appellee.

PRESIDING JUSTICE ROBSON delivered the opinion of the court.

Plaintiff, a police officer, filed his complaint in chancery seeking a writ of mandamus to compel the defendants to correct his official police record by reciting therein a certain act of bravery and a commendation he received therefor; to require defendants to show cause why he was not promoted to sergeant of police; to restrain defendants from removing a sergeants' promotional list until his record was corrected, and until the Commissioner of Police, in the light of such corrected record, considered plaintiff's record for a new efficiency marking; and, in addition, to restrain defendants from making further promotions to the rank of sergeant until he had been promoted to a sergeant.

The cause was referred to a master in chancery for hearing. His report recommended that the writ of mandamus issue but that the injunctive relief be denied. The trial court entered a decree affirming the master's report and ordered the mandamus to issue directing the Commissioner of Police to correct plaintiff's record so that it would reflect the act of bravery performed by plaintiff; that the Commissioner recompute the efficiency mark of plaintiff in the light of such corrected record, and that he submit such new efficiency mark to the Civil Service Commission within ten days; that the Civil Service Commission, on the basis of such new mark, correct the numerical score received by plaintiff on the basis thereof and submit the same to the trial court.

Defendants appeal from this order. They concede that plaintiff is entitled to have his personal record show his act of bravery and commendation therefor. They contend, however, that to require the Commissioner of Police to correct his efficiency record to reflect the showing of this award and change plaintiff's position on the sergeants' promotional list comes too late. Plaintiff argues that the failure of the Commis-

sioner to consider his commendation for bravery in the efficiency marking amounted to arbitrary discrimination and prevented him from being promoted to a sergeant.

The essential part of the record for the purpose of our decision reveals that plaintiff, who was assigned to the records section of the Police Department, performed an act of bravery on November 4, 1946. On March 30, 1948, plaintiff's name was placed on the merit roll for the year 1946. On April 26, 1948, he made application to take the examination for promotion to sergeant. On September 11, 1948, he took the written examination for promotion. At the time plaintiff's efficiency mark for promotion was computed by the Commissioner of Police, plaintiff's official personnel record did not and does not now reflect the commendation for bravery. Four thousand men took the examination; 3,333 passed. On September 30, 1948, pursuant to the merit roll filed March 30, 1948, the Civil Service Commission recommended plaintiff, along with others, to the Mayor for an award of commendation for his act of bravery. On October 5, 1948, an award of honorable mention was officially made to plaintiff. At the same time similar awards were made to other members of the Department. On April 23, 1952, the eligible list for promotion to sergeant was posted. Records of two other officers were introduced in evidence for the purpose of showing that their citations and awards were reflected thereon.

The record further discloses that sometime after the examination, but prior to the posting of the promotional list, plaintiff checked his record and saw that it failed to show his award for bravery. He told his commanding officer about it and also called it to the attention of an aide of the Commissioner of Police.

The Commission has statutory authority to provide by its rules for promotion on the basis of ascertained merit, seniority in service and examination. (Ill.

Rev. Stat. 1955, chap. 24½, par. 47, sec. 9.) Section 7 of Rule III of the Civil Service Rules of the City of Chicago provides: "The subjects of examination may include . . ., ascertained merit or efficiency, . . ." Section 1 of Rule V provides that the Commission shall investigate and ascertain the merit or efficiency of persons submitting themselves to examinations.

The rules and regulations of the Civil Service Commission provide a precise method for giving credits for aptitude test, duties, physical, seniority, and, if applicable, military credit in promotional examinations. The assessment of a man's efficiency cannot be precise and in its very nature must be discretionary. To determine this the Commission must rely upon the Commissioner of Police. The Civil Service Commission provides the Commissioner with a list of all those who have taken the examination. The Commissioner returns the list to the Civil Service Commission with the efficiency markings noted thereon for each individual. The Commissioner in preparing the report relies upon information received from the applicant's commanding officer and the records of the Department. In the instant case, the Commissioner in determining the efficiency rating of plaintiff should have had an opportunity to take into consideration plaintiff's act of bravery, which the record discloses was recognized by the Department when the merit roll was filed on March 30, 1948, five months prior to the written examination.

However, in the posting of a civil service promotional list, technical or mechanical errors, such as improper mathematical computation of the written test, may be corrected, but as far as efficiency markings are concerned, Regulation XII of the Civil Service Commission provides:

"The rating of the efficiency markings of any competitor *in any promotional examination* shall be in such

manner as the Commission may determine with respect to such examination, and *upon the posting of a promotional eligible list based upon such examination the action of the Commission with reference to the efficiency markings for that examination shall be conclusive evidence of such determination."* (Emphasis added.)

In this case, plaintiff, who was employed in the Records Department, was well aware long before the promotional list was posted that his record did not reflect the act of bravery. He had ample opportunity to take such action as was necessary to have this corrected so that the Commissioner could consider it. He waited, however, more than two years after the promotional eligible list had been posted to file this action. There is no showing in the record nor charge, that through fraud, collusion or illegality, plaintiff was prevented from correcting this error before the posting of the list. Regulation XII of the Civil Service Commission is specific that upon the posting of a promotional eligible list the action of the Commission with reference to efficiency markings shall be final and conclusive. Further, the reasonableness of this regulation is apparent when it is realized what chaos could result if any substantial number of the 4,000 police officers who took the examination would, after the posting of the promotional list, question the Commissioner's discretion in assessing their efficiency mark. Plaintiff waited until it was too late to file his complaint.

We conclude that the part of the decree of the trial court directing the Commissioner of Police to correct plaintiff's record so that it would reflect the act of bravery he performed was proper, but that the trial court erred in directing the Commissioner of Police to submit a new efficiency mark to the Civil Service Commission and requiring the Civil Service Commission, on

the basis of the new efficiency mark received from the Commissioner of Police, to correct the numerical score received by plaintiff.

The decree of the trial court is affirmed in part and reversed in part with directions to enter a decree consistent with the findings herein made.

*Decree affirmed in part and reversed in part with directions.*

SCHWARTZ and McCORMICK, JJ., concur.