People of the State of Illinois, ex rel. William Sanaghan, Petitioners-Appellees, v. John Swalec, Walter Jadczak, Edward Jedlicea, William Dolega, J. T. Windauer, Joseph Kogut, and Ward Milkins, Defendants-Appellants.

Gen. No. 47,665.

First District, First Division.

September 14, 1959.

Released for publication October 19, 1959.

Arthur E. Dillner, of Dolton, and Thomas A. Matthews and Byron S. Matthews, of Chicago, for defendants-appellants.

John McMahon Murphy, of Chicago, for plaintiffs-appellees.

PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is a petition for a writ of mandamus against the trustees of the Village of Calumet Park, praying that the trustees be ordered to appoint a board of fire and police commissioners by virtue of § 14–1 of the Cities and Villages Act (Ill. Rev. Stat., 1957, ch. 24, § 14–1). The defendants appeal from a summary judgment granting the writ of mandamus.

The pertinent provisions of § 14–1 are:

"In every municipality with a population of more than 5,000 and not more than 250,000 which is not subject to 'An Act to regulate the civil service of cities,' approved March 20, 1895, as amended, and in every municipality with a population of 5,000 or less which adopts this article as provided in Section 14–17, the mayor of the city, with the consent of the city council, or the president of the village or incorporated town, with the consent of the board of trustees, shall appoint a board of fire and police commissioners."

The petition alleges that the relator is a resident and property owner of the Village of Calumet Park: that § 14–1 imposes a duty on the defendants to appoint a board of fire and police commissioners; that although demands have been made they have not performed their duty and the "relator is and has been injured in that he has been deprived of the benefits of a board."

The defendants argue that § 14 is designed to protect firemen and policemen, and, therefore, the relator, who does not claim to be an actual or potential member of these two groups, has not been deprived of any benefits conferred by statute and has no right to bring this action. They also contend that § 14–1 applies "only to municipalities employing full-time firemen and policemen"; that it is not applicable to Calumet Park which has only volunteer firemen and part-time policemen, who have employment in other occupations.

The defendants' first argument coincides with the defense raised in Prichard v. De Van, 114 W. Va. 509, 172 S. E. 711. That case involved a statute which placed fire departments under civil service and required a civil service commission in each city having a fire department. The mayor had the obligation to appoint one of the three members of the commission.

376

When he refused, a citizen brought mandamus proceedings. The defendant alleged that "the relator does not show a clear legal right to the writ prayed for." The court disagreed. In so doing it stated:

"4. And finally, the brief contends that the public benefit to be derived from the act is so remote that the relator, though a citizen of and property owner within the city of Charleston, has no right to maintain this proceeding. The act is designed to increase the efficiency of the fire department. The public at large is generally interested in such increased efficiency, and the relator, as a property owner, is directly interested. An individual may maintain mandamus to compel the performance of an official act in which the individual has a common interest with the public at large. Payne v. Staunton, 55 W. Va. 202, 46 S.E. 927, 2 Ann. Cas. 74."

 We agree with the reasoning of that court and think it is applicable to our situation. The purpose of art. 14 of ch. 24 is to promote the efficiency and capability of the police and fire departments; the application and retention of qualified persons is encouraged. People ex rel. Cadell v. Board of Fire & Police Com'rs, 345 Ill. App. 415. For example, it provides for appointment only after an examination (§ 14–6) and for removal only after a hearing on charges (§ 14–11). The public has a direct interest in the quality of its policemen and firemen. Where there is a public interest a citizen may bring mandamus proceedings. Retail Liquor Dealers' Protective Ass'n of Illinois v. Schreiber, 382 Ill. 454.

 Furthermore, we believe that the writ of mandamus was properly issued. The statute is clear. It states that a board of fire and police commissioners "shall" be appointed. The language is mandatory, and no exception is made for voluntary fire departments or part-time police departments. If the legisla-

377

ture had intended to give the defendants discretion or had intended to provide exceptions, it would have done so. Therefore, the defendants have the obligation to appoint a board of fire and police commissioners.

The order of the Superior Court is affirmed.

Affirmed.

SCHWARTZ and McCORMICK, JJ., concur.