THE PEOPLE ex rel. LORELEI NEWDELMAN et al., Plaintiffs-Appellants, v. HAROLD O. SWANK et al., Defendants-Appellees.

(No. 53549;

First District—October 23, 1970.

*Rehearing denied November 25, 1970.*

Robert M. Berger and Gordon H. S. Scott, both of Chicago, (Charles Barnhill, of counsel,) for appellants.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (Francis T. Crowe, Assistant

Attorney General and Daniel P. Coman and Thomas E. Brannigan, Assistant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

In three counts based on different theories (mandamus, declaratory judgment and administrative review) the plaintiffs sought in the Circuit Court of Cook County to require Harold O. Swank, Director, Illinois Department of Public Aid, to authorize and William H. Robinson, Director, Cook County Department of Public Aid, to grant one month rent security deposits as provided by par. 12—4.11, ch. 23, Ill. Rev. Stat. 1967. The plaintiffs Lorelei Newdelman, Mary Daniels, Pearleane Oden, Victoria Figures, Yvonne Marshall and Annie Mae Weeden, commenced the action as tax payers and residents of the State of Illinois individually and on behalf of others similarly situated. Except for Lorelei Newdelman whose only capacity was that of tax payer-resident, the other five plaintiffs were applicants for and recipients of public aid and joined in the action as such recipients individually and in behalf of others similarly situated.

The gist of the complaint as set forth in the three counts and the supporting affidavits and documents is that par. 12—4.11, ch. 23, Ill. Rev. Stat. 1967, provides for the payment of security deposits in the amount of one month's rent to public aid recipients and that notwithstanding such statutory provision the defendants have refused to authorize and grant such payments under any conditions. Defendants moved to strike the complaint alleging that the mandatory relief sought in the counts relating to *mandamus* and declaratory judgment was not obtainable as a matter of law because one, the duty imposed was discretionary and the discretion so granted having been exercised by declining to make such payments no contrary exercise of discretion could be required by *mandamus*, and two, the only remedy for reviewing the action of the defendants was review pursuant to the provisions of the Administrative Review Act as provided by par. 11—8.7 of the Ill. Public Aid Code, ch. 23, Ill. Rev. Stat. 1967. Furthermore according to defendants' motion to strike count three of the complaint which sought review of an administrative proceeding, such count was improper because plaintiffs had not exhausted their administrative remedies, *i.e.*, they had failed to comply with the administrative procedure outlined in the Public Aid Code.

Based on the pleadings the trial court granted defendants' motion to strike and the complaint was dismissed. The trial court based its decision substantially in accord with the arguments pressed upon it by the defendants namely that they were under no legal duty to provide security deposits, that review of the Department's action by review under the

Administrative Review Act was exclusive and that plaintiffs had not complied with the Administrative Review procedures.

■■ In a separate independent but related action, one of the plaintiffs in the case at bar, Victoria Figures, undertook to more particularly comply with the administrative procedures set forth in the Public Aid Code and upon a denial of her application for security deposit she sought review under the Administrative Review Act in the Circuit Court of Cook County. The decision of the Circuit Court of Cook County under the Administrative Review Act was appealed to the Appellate Court and was pending in this Court while the appeal in the case at bar was also being perfected. In *Figures v. Swank* (Ill.App.2d), another panel of this Court decided the issues raised in the collateral action, the conclusion of the Court being that the defendants were under a duty to provide the rent security deposits under the terms of the statute. We believe the opinion of the Court in *Figures v. Swank, supra,* is decisive on the issue of the duty of defendants and the opinion in said case is referred to for a full discussion of the issues.

Accordingly the only issues remaining undecided are the standing of the plaintiffs to maintain the *mandamus* and declaratory judgment actions and whether such actions are barred by the exclusivity of the Administrative Review Act.

In our view the plaintiffs as taxpayers-residents did have standing to maintain the *mandamus* and declaratory action proceedings and relief was not barred because of their failure to resort to review under the Administrative Review Act.

■■ Even though citizens may not have any legal rights directly affected by the failure of public officials to carry out their legal duties, nevertheless such persons as members of the public have the right to insist that public officials carry out their legal duties. (*People v. Harris,* 203 Ill. 272, 67 N.E. 785; *People v. Board of Sup'rs,* 294 Ill. 579, 128 N.E. 645; *People ex rel. Jackson v. Suburban R.R.,* 178 Ill. 594, 53 N.E. 349 and *People v. Sanaghan v. Swalec,* 22 Ill.App.2d 374, 161 N.E.2d 352.) Indeed defendants do not disagree with the foregoing proposition nor do they dispute the conclusion that compliance with the provisions of the Public Aid Code and more particularly that provision relating to security rent deposits is of substantial interest and benefit to the public generally.

■■ As taxpayers-residents, the plaintiffs were not proper parties to participate in the administrative proceedings before the Public Aid Department. (*Chestnut v. Lodge,* 34 Ill.2d 569, 216 N.E. 799 and *Frank v. Village of Lansing,* 33 Ill.App.2d 1, 178 N.E.2d 415.) Hence the administrative procedure and review thereof as provided in the Public Aid Code could have no application to the plaintiffs as taxpayers and res-

76

idents. The existence of such administrative remedies is not a bar to this independent action.

Count three of the complaint seeking judicial review under the Administrative Review Act was according to plaintiffs' argument, an alternative remedy based on the contingency that such review provided an exclusive remedy for plaintiffs. Since we have decided to the contrary it becomes unnecessary to discuss such count.

We hold that the trial court erred in dismissing plaintiffs' complaint and accordingly the judgment of the Circuit Court of Cook County is reversed and remanded with directions to proceed in accord with the views expressed herein.

Reversed and remanded with directions.

RYAN, P. J., and ALLOY, J., concur.