ARCHIE L. YELEY, Plaintiff-Appellee, *v.* BARTONVILLE FIRE & POLICE COMMISSION *et al.*, Defendants-Appellants.

Third District   No. 77-505

Opinion filed September 29, 1978.

STENGEL, J., dissenting.

Roy G. Davis, of Davis & Morgan, of Peoria, for appellants.

John F. Boos, of O'Hern, Wombacher, Moon & Boos, of Peoria, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The plaintiff, Archie L. Yeley, has been a member of the Police Department of the Village of Bartonville for approximately 18 years. He was promoted from the rank of patrolman to sergeant on April 24, 1975. However, on November 13, 1975, the Board of Trustees of the Village of Bartonville reduced the number of sergeants in the Police Department from three to two. Thereafter, the Bartonville Fire and Police Commission was informed of this reduction, and effective December 10, 1975, the Fire and Police Commission reduced the plaintiff to the rank of patrolman. Although the plaintiff had the least seniority in the rank of sergeant, he had greater seniority as a member of the Police Department than the other two sergeants.

As a result, the plaintiff filed a complaint against the Bartonville Fire & Police Commission, three individual commissioners and the Board of Trustees of the Village of Bartonville seeking restoration to the rank of sergeant and reimbursement for lost wages resulting from his demotion. Following a hearing, the trial court, finding that the term "seniority," as applied in section 10—2.1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—18), means length of time on the force rather than time in rank, ordered the plaintiff reinstated with back pay. From this determination the defendants appealed. The plaintiff cross-appealed from that portion of the trial court's order finding that the reorganization of the Bartonville Police Department was proper and not invalid.

The section of the statute sought to be construed in this appeal is section 10—2.1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—18), which states, in relevant part:

> "When the force of the fire department or of the police department is reduced, and positions displaced or abolished, seniority shall prevail and the officers and members so reduced in rank, or removed from the service of the fire department or of the police department shall be considered furloughed without pay."

And one issue being contested involves the meaning of the word "seniority" as used in that statute.

The primary objection of statutory construction is to ascertain and give effect to legislative intent. (*Cherin v. R. & C. Co.* (1957), 11 Ill. 2d 447, 143 N.E.2d 235.) In so doing, each word is to be given its ordinary, accepted meaning. *People ex rel. Barber v. Hargreaves* (3d Dist. 1940), 303 Ill. App. 387, 25 N.E.2d 416.

Seniority is defined as:

> "[A] status attained by length of continuous service (as in a company, institution, or organization or in a department, job, rank or occupational group) to which are attached by custom or prior collective agreement various rights or privileges (as preference in tenure, priority in promotion, and choice of work or shift) on the basis of ranking relative to others * * *." (Webster's Third New International Dictionary 2066 (1961).)

Therefore, in its ordinary, accepted meaning, seniority could refer to either relative length of time on the department as well as relative length of time at the rank of sergeant. Resort, then, must be made to other rules of statutory construction.

In construing statutes, the reviewing courts should consider "the reason or necessity for the enactment, the contemporaneous conditions, existing circumstances, and the object sought to be obtained by the statute." (*Cherin v. R. & C. Co.* (1957), 11 Ill. 2d 447, 451, 143 N.E.2d 235,

237.) In addition, when attempting to determine legislative intent "sections of the same statute should be construed as being consistent rather than inconsistent and should be interpreted as being *in pari materia.*" (*Mann v. Board of Education* (1950), 406 Ill. 224, 230, 92 N.E.2d 743, 746.) Furthermore, statutes ought to be construed so that their meaning is reasonable and so that the interpretation of them does not lead to absurd consequences. *People ex rel. Carpentier v. Lange* (1956), 8 Ill. 2d 437, 134 N.E.2d 266.

The purpose of requiring a board of police and fire commissioners and civil service appointments of policemen and firemen is to promote the efficiency and capability of fire and police departments and to encourage the application and retention of qualified persons. (*People ex rel. Sanaghan v. Swalec* (1st Dist. 1959), 22 Ill. App. 2d 374, 161 N.E.2d 352.) We can not interpret this section so as to defeat the purpose of the entire statute.

■■ A careful reading of the section indicates that it has two functions. It requires that, if the manpower of the department is reduced, such reduction is to be effected according to seniority on the department, regardless of rank. If however, positions within a rank are reduced, then such a reduction in any given rank is to be effected according to seniority within that rank. To adopt the plaintiff's, and the trial court's, position would lead to an undesirable result, *i.e.*, the disruption of every police and fire department in the State by requiring that a more qualified and experienced sergeant be demoted to patrolman, and would defeat the purpose of section 10—2.1—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—15), which requires that promotions be based on ascertained merit, seniority in service and an examination, as well as defeating the purpose of the entire statute, *i.e.*, encouraging the application and retention of qualified persons and promoting the efficiency and capability of the department. The success of the system depends on giving the more qualified person the higher rank. Therefore, to affirm the trial court's reinstatement of the plaintiff for this reason is inconsistent with the underlying purpose of the statute.

■■ The plaintiff argues that, in determining his seniority in the rank of sergeant, his service as chief of police ought to have been considered. Police chief is the only position in the department to which a member of the department can be promoted regardless of prior rank and without regard to ascertained merit. (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—4.) Therefore it seems illogical to equate an appointment to chief with the earning of a promotion to another rank. This conclusion is supported by the fact that, upon retirement, a chief reverts to his prior rank and is entitled only to the benefits of such rank. In any event, a search of the record discloses that no evidence nor argument of the plaintiff having

been appointed as police chief was presented before the trial court. Therefore this argument can not be put forward on appeal. Ill. Rev. Stat. 1977, ch. 110A, par. 366(b)(2)(iii).

■ Most importantly, however, on cross-appeal, the petitioner raises the issue of whether the reduction of the number of sergeants from three to two was a valid reorganization under section 10—2.1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—18). As we read section 10—2.1—18, there can be no reduction in rank without a reduction in the force. Section 10—2.1—18 is not invoked until and unless the force is reduced and positions are displaced or abolished thereby.

■■ In this case, the number of members of the Bartonville Police Department was not reduced. Only the number of sergeants was reduced, and that only by one sergeant. Therefore, this is not a valid reorganization. To decide otherwise would allow the reduction in rank of a particular officer without a hearing or a showing of cause. Although the statutes do not require a hearing be held in the event an officer is reduced in rank, except where an officer is to be removed or discharged from the force (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17), certainly to remove an officer from a rank that officer has earned without a hearing for cause, absent a reduction in force of the entire department, would be a violation of that officer's right to due process.

Accordingly, the trial court correctly reinstated the plaintiff to the rank of sergeant with back pay. As a result, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, J., concurs.

Mr. JUSTICE STENGEL, dissenting:

I agree with the majority that the trial court erred in ruling that seniority under the applicable statute refers to length of time on the police force rather than length of time in rank. However, since I do not agree that the reorganization of the Bartonville Police Department was invalid, I must dissent.

In question is section 10—2.1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 10—2.1—18) which provides as follows:

> "When the force of the fire department or of the police department is reduced, and positions displaced or abolished, seniority shall prevail and the officers and members so reduced in rank, *or* removed from the service of the fire department or of the police department shall be considered furloughed without pay.
>
> If any positions which have been vacated because of reduction

in forces *or* displacement and abolition of positions, are reinstated, such members and officers of the fire department or of the police department as are furloughed from the said positions shall be notified by the board by registered mail of such reinstatement of positions and shall have prior right to such positions if otherwise qualified, and in all cases seniority shall prevail." (Emphasis added.)

In my view the plain meaning of this language is that seniority must prevail when a position is abolished either by a reduction in the force or by a reorganization. To conclude, as does the majority, that no position in a police or fire department can be abolished without reducing the total complement of the department is to read into the statute strictures on organization that go far beyond the original legislative purpose of guaranteeing seniority rights. If a city council decides that a police department has more officers at one rank than are needed for efficient organization, it should be able to eliminate one or more positions at that rank without reducing the total police force.

Consequently I believe that here the reduction in the number of sergeants from three to two was valid, and since plaintiff had least seniority at that rank, his demotion to the rank of patrolman was lawful. I would reverse the trial court's order reinstating plaintiff to the rank of sergeant.