(No. 51414.—)

ARCHIE L. YELEY, Appellee, v. THE BARTONVILLE
FIRE AND POLICE COMMISSION *et al.*, Ap-
pellants.

*Opinion filed October 19, 1979.*

272

■■■■■■■■■■■■■■■■■■■■■■■■

CLARK, J., dissenting.

Davis & Morgan, of Peoria (Roy G. Davis, of counsel), for appellants.

John F. Boos, of Peoria, for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants, the Bartonville Fire and Police Commission and the board of trustees of the village of Bartonville, appealed from the judgment of the circuit court of Peoria County ordering that a writ of *mandamus* issue reinstating plaintiff, Archie L. Yeley, to the rank of sergeant of the Bartonville police force and that he be paid the salary and other benefits accruing to that rank. The appellate court affirmed (64 Ill. App. 3d 448), and we allowed defendants' petition for leave to appeal.

The minutes of the meeting of the board of trustees of the village of Bartonville held on April 24, 1975, show that

the trustees voted to eliminate the detective division from its police department and create a supervisory investigative unit. The resolution further provided that the chief of police was to be instructed to implement the supervisory investigative unit for the next eight months and make reports to the board of trustees concerning its progress. The trustees also authorized the appointment of another sergeant, and the chief of police advised the trustees that plaintiff, effective that date, April 24, 1975, had been promoted to the rank of sergeant.

The minutes of the meeting of the board of trustees held on November 13, 1975, reflect that the chief of police reported that "due to the rising costs which would cause the budget of the Bartonville Police Department to go over the appropriation" he was recommending that the supervisory investigative unit be discontinued and that the command officers of the police force be reduced so that it would consist of himself and two sergeants rather than, as at present, of himself and three sergeants. He also stated that one patrolman had resigned and that he was not recommending a replacement "so as to hold the budget in line in the best way possible with the appropriation for this department." The trustees approved the recommendation, and notice of the action taken was given the defendant fire and police commission. On December 10, 1975, following a meeting of the defendant commission, plaintiff received written notice that he had been reduced in rank from sergeant to patrolman.

The decision of the question here presented rests upon the construction of section 10—2.1—18 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—18), which in pertinent part provided:

"When the force of the fire department or of the police department is reduced, and positions displaced or abolished, seniority shall prevail and the officers and members so reduced in rank, or removed from the service

of the fire department or of the police department shall be considered furloughed without pay."

The circuit court found that the reorganization of the police department was proper and "the plaintiff failed to present evidence to establish otherwise." It ordered the issuance of *mandamus* on the ground that " 'seniority' as found in Chapter 24, section 10—2.1—18 of the Illinois Revised Statutes should be defined as overall length in service and not time in grade." In affirming the judgment the appellate court held that under the provisions of the section "there can be no reduction in rank without a reduction in the force. Section 10—2.1—18 is not invoked until and unless the force is reduced and positions are displaced or abolished thereby." (64 Ill. App. 3d 448, 452.) The appellate court held further that "seniority," as provided in the statute, meant seniority in rank and not seniority of overall service.

Plaintiff contends that under the provisions of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 1—1—1 *et seq.*) defendants were not authorized to reduce plaintiff in rank unless there was an accompanying reduction in the police force and that such reduction can be effected only when there is "a good faith, impartial reorganization of the force." It is the contention of defendants that the municipality was authorized to reduce the number of officers within a rank without an accompanying reduction in the size of the entire force.

We agree with the appellate court that section 10—2.1—18 is correctly construed to apply to seniority in rank and not in length of service with the department. We do not agree, however, that the reduction in rank cannot be effected without an overall reduction in the force. In *Kennedy v. City of Joliet* (1942), 380 Ill. 15, the court said:

"The basic purpose of both the Civil Service act and the Fire and Police Commissioners act is to

afford reasonably satisfactory protection to public employees within the scope of the respective laws. The Fire and Police Commissioners act does not purport to deny a city the inherent right to discharge or lay off employees in good faith because of lack of work or for purposes of economy. Power to discharge or lay off employees in such cases exists independently of the provisions of the statute. The requirements relating to suspension and discharge tend to effectuate the purpose of the law, namely, to prevent the discharge or suspension of employees for political or other inadequate reasons and, in furtherance of this purpose, merely regulate the procedure by which an officer may be discharged or suspended for reasons personal to himself." 380 Ill. 15, 21.

The circuit court made a specific finding that the reorganization of the police department was proper and that the plaintiff failed to present any evidence to establish otherwise. Having failed to prove the absence of good faith in the reduction by the village board of the number of sergeants, we find that the reduction was proper and was not barred by section 10—2.1—18 of the Code.

Plaintiff contends too that before he can be reduced in rank from sergeant to patrolman for nondisciplinary reasons, he was entitled to a hearing. Under the provisions of the statute plaintiff is "considered furloughed without pay" from the position of sergeant. In *Powell v. Jones* (1973), 56 Ill. 2d 70, 78, it was observed that "the requirements of due process are necessarily proportional to the weight of that interest in balancing it against the countervailing interests of society in effective and efficient governmental operation." In *Powell,* the plaintiff asserted the right to a hearing after he was laid off by the Civil Service Commission for reasons of economy and efficiency. *Powell* recognized qualitative differences between

layoffs and discharges and that variances in procedure between the two were constitutionally permissible. The court said:

> "Discharge is a drastic, permanent action with far-reaching consequences. Regardless of the announced reason therefore, the very fact of discharge has an adverse effect upon prospects for future employment. By contrast a layoff does not reflect unfavorably upon an employee. It is not, ordinarily, viewed as a permanent situation, and in this case the very statute which authorizes such action requires preferential treatment as to re-employment and affords alternatives." 56 Ill. 2d 70, 80.

In our opinion the rationale of *Powell v. Jones* is applicable here. Plaintiff was not entitled to a hearing.

For the reasons stated, the judgments of the appellate and circuit courts are reversed.

*Judgments reversed.*

MR. JUSTICE CLARK, dissenting:

I would affirm the appellate court.

I agree with the majority and the appellate court that "section 10–2.1–18 [Ill. Rev. Stat. 1975, ch. 24, par. 10–2.1–18] is correctly construed to apply to seniority in rank and not in length of service with the department." (77 Ill. 2d at 274.) However, I disagree with the majority on two points.

First, a reading of section 10–2.1–18 indicates rather clearly that reduction in rank cannot be effected without a reduction in force (which did not occur here):

> "When the force of the fire department or of the police department is reduced, *and* positions displaced or abolished, seniority shall prevail and the officers and members so reduced in rank, or removed from the service of the fire department or of the police department shall

be considered furloughed without pay." (Emphasis added.)

The portion of that paragraph which states "and positions displaced or abolished" should be read in the conjunctive, and not in the disjunctive, as the majority impliedly does. The paragraph begins with the essential problem before stating the statutory resolution: "When the force *** is reduced, *** seniority shall prevail ***." There has been no reduction in force in this case, only a "reduction in rank." If "reduction in rank" had been intended as a separate ground by the legislature, it would have used the disjunctive conjunction *or* and not the conjunctive conjunction *"and* [positions displaced or abolished] " (emphasis added). The majority has not adequately addressed this issue.

Second, due process entitled the plaintiff to a hearing. There are, of course, "qualitative differences" (77 Ill. 2d at 275) between a discharge for cause and a layoff for purposes of economy and efficiency. (*Powell v. Jones* (1973), 56 Ill. 2d 70, 80.) Nevertheless, where a party has a property right in a benefit, such as public employment, or, as here, public employment in a particular position, he has a right to a hearing before his termination or "furlough." In *Powell* this court stated:

"Given the expansion of due process guarantees to encompass a broad range of interests now classified for due process purposes as 'property,' and the specific holdings of *Roth* and *Sindermann,* it is apparent that while every public employee does not have a right to continued employment, a public employee can have such a right dependent upon the surrounding circumstances including existing rules and understandings. *** a public employee may be able to show, from surrounding circumstances, that he has a legitimate claim to continued employment, and it

is clear that such claim, whether characterized as 'property' or otherwise, has now been held to be entitled to due process protection." (56 Ill. 2d 70, 77.)

Accord, *Board of Regents v. Roth* (1972), 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709; *Perry v. Sindermann* (1972), 408 U.S. 561, 33 L. Ed. 2d 570, 92 S. Ct. 2694.

I believe surrounding circumstances, including the statute, establish plaintiff's claim of entitlement to the position of sergeant, resulting in a property right which should not be denied him without a hearing. Section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17) requires that a hearing be given to a police officer who is to be removed or discharged. This provision evidences that a police officer has a property interest in—an economic benefit is derived from—his employment. The character of his property interest or economic benefit is not changed merely because the purposes or motives for terminating him differ from time to time. Whether the police officer is discharged for cause or laid off for budgetary reasons, *his* economic benefit, his property interest, remains intact. Hence, I suggest the statute establishes a policeman's property interest in both his rank and employment, and that property interest may not be ignored by his summary termination. A hearing would also help determine whether a cutback in numbers or reduction in rank was made in good faith, or for other less laudatory reasons.

For these reasons, I dissent from the majority's opinion, and would affirm the appellate court.