NORMAN E. ZUELKE, Plaintiff-Appellee and Cross-Appellant, *v.* THE BOARD
OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF
BROADVIEW *et al.*, Defendants-Appellants and Cross-Appellees.—
(J. C. WROSCH *et al.*, Defendants and Cross-Appellees.)

First District (4th Division)   No. 78-2117

Opinion filed December 27, 1979.

Staehlin, Jantorni & Sullivan, of Chicago (Susan L. Jantorni, of counsel), for
appellants.

LeRoy W. Gudgeon, of Chicago, for appellee.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Norman E. Zuelke, received a composite grade of 69.40 on a promotional examination given on October 20, 1976, to fill vacant lieutenants' positions in the Broadview Fire Department (the Department). The minimum passing grade, as provided by the rules and regulations of the Village of Broadview and adopted by the Board of Fire and Police Commissioners (the Board), is 70. Therefore, Zuelke was not preliminarily eligible and others were promoted to that rank.

Zuelke brought a complaint for a writ of *mandamus* against the Board, the members of the Board, and certain members of the Department, seeking to set aside the promotional list; to set aside, vacate and void any other promotions and appointments made from that list; and to conduct a new promotional examination for lieutenant. The complaint alleged that the Board unlawfully delegated to the chief of the Department the power to give points for the applicants' "merit and efficiency" without establishing any criteria. The trial court granted Zuelke's motion for summary judgment on this count and ordered the Board to establish a method for determining the merit and efficiency of the applicants.

Section 10—2.1—15 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—15) states:

> "The board, by its rules, shall provide for promotion in the fire and police departments on the basis of ascertained merit and seniority in service and examination, and shall provide in all cases, where it is practicable, that vacancies shall be filled by promotion."

The Board's own rules state promotion shall be based in part on merit and seniority and provide that applicants will be graded according to the following schedule:

| | |
|---|---|
| Written examination | 55% |
| Oral interview | 25% |
| Merit and efficiency rating (based on previous 12 months service) | 10% |
| Seniority (1% per year with a maximum of 10 years) | 10% |
| Maximum grade | 100% |

The rule does not say how this 10% merit and efficiency rating is to be assessed or by whom. According to the depositions on file, one of the Board members asked the chief of the Department to make the ratings. Other deposition testimony indicates that no standards were given to the chief on which to base his recommendation. The chief testified that he met with the three shift commanders, who were the immediate supervisors of those to be rated, and, using the criteria of leadership

ability, reaction to emergencies, and job performance, each applicant was reviewed by them. The Board accepted the chief's recommendations.

■■ The statute itself provides that the Board "by rule" shall provide for promotions in fire departments. This rule-making power evidences the legislature's intent to leave such matters as merit and efficiency ratings to the sound discretion of the Board. (*Lenert v. Wilson* (1965), 56 Ill. App. 2d 325, 206 N.E.2d 294.) Furthermore, this court has previously concluded that efficiency ratings and personal evaluations are by their very nature discretionary. See *Mulcrone v. O'Connor* (1957), 13 Ill. App. 2d 549, 142 N.E.2d 794; *Hauri v. Batzel* (1979), 71 Ill. App. 3d 164, 389 N.E.2d 257.

■■ We believe the Board acted within its discretion in assigning its function of giving merit and efficiency ratings to the chief of the Department. The Board was given rule-making authority by the legislature. The chief, as the official in daily control of the Department, was clearly in a better position than the Board to make personal evaluations of merit and efficiency. We thus cannot say it was improper for the Board to delegate this aspect of its duties.

■■ We also cannot say the Board abused its discretion by not formulating precise or all-embracing guidelines to be used in making the assessment. By their very nature, assessments of a person's efficiency and merit must be discretionary. (See *Mulcrone.*) Finally, because these ratings involved an exercise of discretion, an action in *mandamus* will not lie. (*Holland v. Quinn* (1978), 67 Ill. App. 3d 571, 385 N.E.2d 92.) The trial court erred in granting Zuelke's motion for summary judgment on this count of the complaint. This portion of the judgment below is reversed and remanded to the circuit court with directions to enter judgment in favor of the defendants.

Zuelke cross-appeals from the allowance of the defendants' motion for summary judgment on a separate and distinct count of his complaint. In that count, Zuelke alleged that one member of the Department was promoted from captain to deputy chief, and two others from lieutenant to captain, without notice or an examination. The complaint alleges that these actions violated the previously quoted statute on promotions. Zuelke argues he would have been eligible to take the examinations had they been offered. The defendants deny that there were any promotions and state this was a mere restructuring of the Department.

Prior to the changes in title, the Broadview ordinance provided that the Department would consist of one deputy chief, one captain, two lieutenants, three engineers and such additional members as the village board of trustees might provide. By an ordinance enacted May 17, 1976, the composition of the Department was changed to add a second captain and eliminate the two lieutenants. On June 3, 1976, the chief posted a notice that the titles of the three men had been changed as previously indicated.

The Department rules and regulations were subsequently amended to provide that the duties and responsibilities of the captain under the old rules were the same as the deputy chief under the new rules. The duties of the lieutenants under the old rules were to be the same as the captains under the new rules. No changes in pay resulted.

On August 2, 1976, the board of trustees passed another ordinance which recreated the rank of lieutenant and provided that there should be three such officers. These new positions were assigned duties and responsibilities distinct from the former lieutenant positions. The village clerk subsequently notified the Board that it should conduct an examination to fill these new lieutenant positions. Zuelke was an unsuccessful applicant for one of those positions, as was detailed in the first part of this opinion.

The complaint alleges the facts as just stated and further alleges that Zuelke was deprived of his possible right to sit for an examination for deputy chief or captain. He cites as authority only the case of *Yeley v. Bartonville Fire & Police Commission* (1978), 64 Ill. App. 3d 448, 380 N.E.2d 1387, where the court held that the reorganization of the police department was invalid because the plaintiff was reduced in rank without any comparable reduction in the force and thus violated a different portion of the Illinois Municipal Code. (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—18.) *Yeley* was subsequently reversed and the reorganization of the department upheld. *Yeley v. Bartonville Fire & Police Com.* (1979), 77 Ill. 2d 271, 395 N.E.2d 1387.

■■ The factual setting of the instant appeal is quite distinct from *Yeley*. The force here was not reduced. The effect of the reorganization was to place another rung on the ladder between the position held by Zuelke, and the positions originally held by the three officers who subsequently received new titles. Whether the addition of new officer positions was done by way of maintaining the old structure and merely adding an officer rank with a new name or whether it was done, as here, by a change of titles, seems to be of little legal significance. We do not believe that the statute on promotion was intended to prevent a reorganization of a Department. See generally *Yeley*; *People ex rel. Kenny v. Fornof* (1951), 343 Ill. App. 73, 98 N.E.2d 127; *Feeley v. O'Connor* (1958), 17 Ill. App. 2d 123, 149 N.E.2d 411; *Charles v. Wilson* (1964), 52 Ill. App. 2d 14, 201 N.E.2d 627.

For the foregoing reasons we affirm the trial court's entry of summary judgment in favor of the defendants on this count of the complaint.

Affirmed in part, reversed in part and remanded with directions.

LINN and ROMITI, JJ., concur.