RONALD S. HAURI, Plaintiff-Appellant, *v.* GEORGE E. BATZEL *et al.*, Defendants-Appellees.

Second District   No. 77-557

Opinion filed May 3, 1979.

Gerald A. Goldman, of Goldman, Hesser & Boton, of Chicago, for appellant.

Ellis E. Fuqua and Douglas W. Stiles, both of Fuqua, Winter & Associates, and Diver, Bollman, Grach & Quade, both of Waukegan, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
The plaintiff, a police sergeant in the City of Waukegan, takes this appeal from an order dismissing his prayer for declaratory judgment and for an injunction, whereby he seeks to invalidate the current list of persons eligible for appointment to the office of lieutenant of police and to require the Civil Service Commission of Waukegan to develop a new examination from which to qualify candidates for that office. In his alternative prayer the plaintiff requests he be promoted to the rank of lieutenant, retroactive to the day of the promotional examinations with back pay for such rank from that date. The defendants are the City of Waukegan, the members of the Civil Service Commission of Waukegan, the secretary of the Civil Service Commission and the police chief. The persons declared eligible to be promoted to lieutenant as the result of the examination in question are not named as defendants. The circuit court, after considering the pleadings and hearing arguments of counsel, granted the defendants' motion to dismiss the complaint, stating that the court found the allegations of the complaint to be insufficient to state a cause of action.
In this appeal the plaintiff presents the following issues for review: (1)

Whether the allegations of the complaint failed to state a cause of action, and (2) whether a certain part of the examination known as the "Chief's Rating" violates the provisions of section 10—1—13 of the Illinois Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 10—1—13).

In his complaint the plaintiff alleges he is presently a sergeant in the Waukegan police department; that he took the examination for promotion to lieutenant; that he received the highest score of any candidate on the written part of the examination and a "perfect or near perfect" score on the oral examination but that in a portion of the examination known as the "Chief's Rating" he received only a grade of 10 out of a possible grade of 30 and as a consequence received a composite grade of only 77.80, ranking him fifth among the candidates. From the pleadings and oral argument we gather that the "Chief's Rating" is an evaluation done by all of the applicant's superior officers—in this case 10 or 12 in number—on the basis of the police chief's directive setting forth the following factors to be considered as to each candidate: leadership—supervision—proficiency—present rank—aggressiveness—attitude toward superiors.

Each evaluation officer rates all of the candidates, which he does by merely placing a figure from 1 to 10 opposite the candidate's name. This part of the examination has a value of 30% of the composite score, the written examination having 60% and the oral examination 10%.

The plaintiff says the "Chief's Rating" portion of the examination violates that section of the Municipal Code governing Civil Service appointments and promotions—section 10—1—13 of the Municipal Code (Ill. Rev. Stat. 1977, ch. 24, par. 10—1—13), reading as follows:

"The commission shall, by its rules, provide for promotions in such classified service, on the basis of ascertained merit and seniority in service and examination and shall provide, in all cases where it is practicable, that vacancies shall be filled by promotion. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to such examination and the results thereof and the promotional eligible registers prepared therefrom shall be published by the commission within 60 days after any examinations are held. If two or more applicants achieve the identical final grade average, they shall be placed on the promotional eligible register in their order of seniority in the position from which they seek promotion. The commission shall submit to the appointing power the names of not more than 3 applicants for each promotion having the highest rating, but in making his selection the appointing authority shall not pass over the person having the highest rating on the original register more than once and shall not pass over the person having

the second highest rating in the original register more than twice. * * *"

The plaintiff contends the "Chief's Rating" violated the standards set forth above by the statute. Since paragraph 12 of his complaint sums up the theory of his case, we quote it in full:

"12. The 'Chief's rating' portion of the examination violates the Rules and Regulations of the Civil Service Commission and violates the Statutes of the State of Illinois in that promotion is no longer based on ascertained merit and seniority in service, but based on popularity and personal preference negating the written competitive portion and the oral competitive portion of the examination. The 'Chief's rating' portion of the examination eliminates unpopular candidates by assigning poor ratings to them without opportunity or requirement for explanation as to the reasons for the evaluation, and eliminates job protection and career benefits under the civil service system. The statute does not permit or allow promotion based on subjective evaluation and analysis without proper guidelines for exercising these evaluations, and specifically requires promotion based on ascertained merit and seniority in service."

It is obvious that the allegations of paragraph 12 are not factual but are only conclusions of the pleader. The directive covering the evaluation under the "Chief's Rating" states, after listing the factors to be considered: "An honest and fair evaluation should be the outcome." These words are entitled to at least *prima facie* credibility as indicating the attitude and purpose of the chief of police and are certainly not overcome by the allegations of the plaintiff as to what was intended by the "Chief's Rating." The fact that the plaintiff's measure of success in the personal evaluation by his superiors was less than in his written or oral examination does not in itself indicate that that portion of the examination was inherently unfair. Nothing in the statute proscribes the type of test given in this case and referred to as "Chief's Rating" as part of the promotion process, nor, on the basis of common experience, do we see anything either unfair or unusual in an appraisal by one's superiors as part of the promotion process.

While it is true, as noted in oral argument, that it would be difficult for the plaintiff to ascertain actual prejudice, even if it existed, from the anonymous basis on which the "Chief's Rating" was developed, this in no way indicates that there *was* any prejudice or partisanship and the mere possibility of such prejudice or partisanship cannot give rise to a cause of action, since that possibility is always present in human affairs. The statute does not require the detachment of a computer in making promotions for police officers, and it is perhaps just as well that in making such a decision

we do not throw away judgments based on human experience and personal observations. The personal attributes of a candidate for police lieutenant are quite crucial in determining his possible effectiveness as a commanding officer, and who can appraise those traits better than his immediate supervisors? Thus we see nothing in the complaint which indicates a violation of either the spirit or letter of the statute the plaintiff invokes. Guidelines with regard to personal evaluation cannot be precise or all-embracing—something must be left to the judgment and experience of the evaluator, and that this portion of the examination did so is nothing to base a cause of action on. We think, in short, that a personal evaluation by superiors, made under such guidelines as were indicated in the "Chief's Rating" was a normal and accepted part of the promotional process and the mere fact that it was an element in the whole scheme of the examination raises no issue on which to base a cause of action. Indeed, we note that the plaintiff himself was promoted from patrolman to sergeant by means of this same type of examination, and it cannot be suspect in one case and not in another.

Moreover, it has come to our attention through stipulation at oral argument that since the appeal was initiated the plaintiff has been promoted to lieutenant, the position to which he aspired in taking the examination. Since promotion must be made from the list of eligible candidates as reflected by the examination results, the plaintiff has now achieved through the very examination process he is questioning, and has accepted, the promotion which was the main purpose of his suit. While there was some intimation at oral argument that the case is nevertheless not moot because the date of his appointment to lieutenant might be less advantageous in considering promotion to a captain's rating than it would have been had he been promoted initially, we can see no logic to this argument by which it could be maintained that a collateral issue still remains to be considered in this case. The results to the plaintiff, as well as to his brother officers, of invalidating all eligibility lists based on the last examinations, are too speculative to raise a collateral issue by which this suit could be preserved. The plaintiff's prayer to invalidate the examinations and disqualify the successful candidates could, of course, not be considered in any event without the joining of the officers who would be affected by such action, and the plaintiff has not seen fit to join them as defendants. Since we do not consider that the complaint states a cause of action in any event we do not pursue this question. Now that the plaintiff has achieved the rank he sought by the examination in the first place, we would have strong doubts, in any event, that a sufficient controversy remains to justify continuing with this suit.

In view of our judgment that the complaint does not state a cause of action we do not consider the contention raised by the Civil Service

Commission that this case is only cognizable under the Administrative Review Act and that the trial court lacked jurisdiction to consider it under that statute, because the suit was not brought within the time proscribed by the statute. While we do not decide that point, we note that this court held the Administrative Review Act to be inapplicable to a similar situation in *Barrows v. City of North Chicago* (1975), 32 Ill. App. 3d 960. In view of our holding here, we do not find it necessary to comment on the case of *People ex rel. Smith v. Board of Fire and Police Commissioners* (1977), 51 Ill. App. 3d 221, which reached an opposite conclusion.

The judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

GUILD, P. J., and LINDBERG, J., concur.