JEAN K. GREENSPAN *et al.*, Plaintiffs-Appellants, v. NORMAN ME-SIROW *et al.*, Trustees, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 85—1316

Opinion filed November 12, 1985.

Feiwell, Galper, Lasky & Berger, Ltd., of Chicago (George S. Feiwell, of counsel), for appellants.

Jenner & Block, of Chicago (Jeffrey D. Coleman, of counsel), for appellee Norman Mesirow.

Conklin & Adler and Holland & Holland, both of Chicago (Robert J. Kopka, of counsel), for appellee Jesse J. Holland.

JUSTICE O'CONNOR delivered the opinion of the court:

This is the second interlocutory appeal in an action brought by the surviving settlors and beneficiaries of the Greenspan family trusts of 1959 (Trusts), to remove the defendants, Norman Mesirow and Jesse Holland, who serve as trustees along with plaintiff Jean Greenspan, and to surcharge them for alleged breaches of fiduciary duties owed to the trusts and to the Harvey Fund (Fund), which is an estate planning vehicle originally set up by plaintiff-settlors with defendants as two of the four directors. Plaintiff Greenspan and her daughter, Lila Heatter, who is also a plaintiff herein, are the remaining directors of the fund. Plaintiffs seek reversal of the trial court's May 13, 1985, order in which it terminated an existing temporary restraining order enjoining the payment of defendants' litigation expenses by the Fund or Trusts, denied plaintiffs' motion for a preliminary injunction to enjoin payment of said expenses from either of these sources, and accepted defendants' personal bond without surety to repay the Fund or Trusts for any litigation costs or fees in the event of a judicial determination that defendants are not entitled to reimbursement for such expenses.

Plaintiffs contend that the trial court improperly denied their motion for injunctive relief based on its determination of defendants' ability to repay the fund should defendants ultimately be found liable. We agree. The sole issue at the hearing for preliminary injunction, which the trial court failed to address, was whether defendants, as individual directors and trustees of the Fund or Trusts, are entitled to indemnification *pendente lite* from the Fund or Trusts, where defendants have been accused of serious misconduct in their capacities as fi-

duciaries with respect to those very entities. We find that neither the applicable law, nor public policy, supports indemnification *pendente lite* under these circumstances, and accordingly, we reverse.

■ The Harvey Fund was incorporated in 1958 under the laws of the State of Delaware. Thus, that State's corporate law and the Fund's own bylaws, as well as Illinois trust law, must be considered in determining the issue of defendants' entitlement to the funds. Title 8, section 145, of the Delaware General Corporation Law states in relevant part:

> "(a) A corporation may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation) by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding *if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation,* and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful. ***
>
> (b) A corporation may indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action or suit by or in the right of the corporation to procure a judgment in its favor by reason of the fact that he is or was a director, officer, employee or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise against expenses (including attorneys' fees) actually and reasonably incurred by him in connection with the defense or settlement of such action or suit if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation and *except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable for negligence or misconduct in the performance of his duty to the corporation* unless and only to the extent that the Court of

Chancery or the court in which such action or suit was brought shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses which the Court of Chancery or such other court shall deem proper.

(c) *To the extent that a director, officer, employee or agent of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding* referred to in subsections (a) and (b) of this section, or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith.

(d) *Any indemnification under subsections (a) and (b) of this section (unless ordered by a court) shall be made by the corporation only as authorized in the specific case upon a determination that indemnification of the director, officer, employee or agent is proper in the circumstances because he has met the applicable standard of conduct set forth in subsections (a) and (b) of this section. Such determination shall be made (1) by the board of directors by a majority vote of a quorum consisting of directors who were not parties to such action, suit or proceeding, or* (2) if such a quorum is not obtainable, or, even if obtainable a quorum of disinterested directors so directs, by independent legal counsel in a written opinion, or (3) by the stockholders.

(e) Expenses incurred by an officer or director in defending a civil or criminal action, suit or proceeding may be paid by the corporation in advance of the final disposition of such action, suit ·or proceeding *as authorized by the board of directors* in the specific case upon receipt of an undertaking by or on behalf of such director or officer to repay such amount unless it shall ultimately be determined that he is entitled to be indemnified by the corporation as authorized in this section. Such expenses incurred by other employees and agents may be so paid upon such terms and conditions, if any, as the board of directors deems appropriate." (Emphasis added.) Del. Code Ann., tit. 8, sec. 145 (1983).

In addition, paragraph (f) of that section states that the indemnification provided for shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any by-law, agreement, vote of stockholders or disinterested directors.

There is no dispute that defendants have, from almost the inception of this controversy, used monies from the Fund and Trusts to pay their litigation expenses. It is also clear that plaintiffs expressly disapproved of such payments as far back as June 1984, and consistently voiced their disapproval until they were forced to seek injunctive relief through the present action. In spite of this fact, defendants freely admit that prior to authorizing the payment by the Fund or Trusts of any legal expenses, they called no formal board meetings involving their co-directors Greenspan and Heatter, nor did they call any formal Trust meetings involving their co-trustee, Greenspan. In defense of their nonaction, defendants claim that no meetings are required for authorization of indemnification payments under either the Harvey Fund's certificate of incorporation or the trust agreement, and, moreover, that even if meetings were in fact required, they could not have occurred because defendants had been "effectively barred" from direct communication with plaintiffs. In this regard, defendants refer to a prior admonition by plaintiffs' attorneys that communication with Greenspan and Heatter should be made only through counsel. We find no merit in either of these arguments.

Defendants' legal claim is that paragraph (f) of the Delaware corporate Law, when read in conjunction with the more liberal reimbursement provisions set forth in article seventeenth of the Harvey Fund's certificate of incorporation, mandates reimbursement for litigation expenses *as incurred*, and effectively eliminates the section 145(e) requirements of prior board of director approval to advance payments. That portion of article seventeenth relied on by defendants provides in pertinent part:

> "*** and the corporation shall indemnify each director and each officer of the Corporation against, and shall reimburse each director and each officer of the corporation for, any and all legal and other expenses reasonably incurred by him in connection with any action, suit or proceeding to which he may be made or become a party by reason of his being or having been a director or officer, or both, of the Corporation or by reason of his alleged acts or omissions as a director or officer, or both, of the Corporation, or in connection with any such threatened action, suit or proceeding, whether or not he continues to be a director or officer, or both, of the Corporation at the time of incurring such expenses; ***."

We find nothing in the above language to support the interpretation suggested by defendants. The provision, at best, creates ambiguity as to the time when indemnification is to occur. Further, the re-

maining language of article seventeenth creates clear restrictions as to both the time and circumstances under which defendants can seek reimbursement. The article states:

"*** provided, however, that no director or officer of the Corporation shall be indemnified against any claim or liability *which shall be finally adjudged in any action, suit or proceeding to have arisen out of his own negligence or wilful misconduct,* or be indemnified against any compromise of any such alleged claim or liability, *unless said compromise by approved by a majority of the Board of Directors, none of which majority shall be defendants in any such action or be charged with having had any part in the alleged acts or omissions* with respect to which such compromise or settlement is proposed to be made, or indemnified against or reimbursed for any expenses incurred in any action, suit or proceeding *in which he shall finally be adjudged liable* by reason of his own negligence or wilful misconduct, or in which any such alleged claim or liability shall be compromised, *unless said compromise be approved by a majority of the Board of Directors, none of which majority shall be defendants* in any such action or be charged with having had any part in the alleged acts or omissions with respect to which such compromise or settlement is proposed to be made; ***." (Emphasis added.)

■ Construing the plain language of this provision, we find that, absent approval by a majority of the board of directors, none of which shall be defendants, indemnity is available only to those officers and directors whose actions comport with a prescribed manner of conduct, and therefore is only to occur upon a final adjudication with respect to the alleged acts or omissions. We believe this interpretation to be consistent with the policy and intent behind the Delaware Corporate Laws (see *Galdi v. Berg* (D. Del. 1973), 359 F. Supp. 698, 702, citing *Merrit-Chapman & Scott Corp. v. Wolfson* (Del. Supp. 1970), 264 A.2d 358, 360; see also *Changes in the Model Business Corporation Act Affecting Indemnification of Corporate Personnel,* 36 Bus. Law 99 (1980)), and of the Harvey Fund.

We further find no support for defendants' contentions that they are authorized to advance their litigation costs and fees from the Trusts pursuant to the trust agreement and the applicable law, where they have been accused of serious misconduct in their dealings as trustees with respect to these very funds.

Having determined that defendants are not entitled, as a matter of law, to the advance payment of their litigation costs and fees from

the Fund and Trusts, we turn to the propriety of issuing injunctive relief to enjoin the payment of such costs and fees *pendente lite*.

■ It is clearly not the function of the trial court on a motion for preliminary injunction to determine controverted rights or decide the merits of a case. Rather, a court should grant the motion where it is established by a preponderance of the evidence that: (1) a certain and clearly ascertainable right exists which needs protection; (2) there is no adequate remedy at law; (3) irreparable injury will occur without the protection of an injunction; and (4) there is a reasonable likelihood of success on the merits of the case. (*Disher v. Fulgoni* (1984), 124 Ill. App. 3d 257, 262, 464 N.E.2d 639, *appeal denied* (1984), 101 Ill. 2d 564.) Generally, the court should also conclude that the grant of the temporary relief outweighs any possible injury which the defendant might suffer by its issuance. *People ex rel. Fahner v. Steel Container Corp.* (1981), 102 Ill. App. 3d 369, 430 N.E.2d 68.

■ The sole role of this court in addressing the grant or refusal of a preliminary injunction is then restricted to a determination of whether the trial judge, in consideration of the above-mentioned criteria, correctly exercised its broad discretionary powers. (*Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 500, 422 N.E.2d 1166, *appeal denied* (1981), 85 Ill. 2d 563.) We find that the court failed to do so under the circumstances.

In light of the substantial sums of money which defendants have already withdrawn, and those which they seek to continue withdrawing, there can be no question but that plaintiffs, who are the ultimate beneficiaries of the funds being depleted, have a right which is clearly in need of protection. Further, we disagree with defendants' assessment that, should plaintiffs ultimately prevail on the merits, affording them the opportunity to bring suit for recovery based on the self-serving guarantees provided by defendants constitutes an "adequate remedy at law" as contemplated by our courts.

■ To sustain a showing of irreparable injury, plaintiffs need not show injury that is beyond repair or beyond compensation in damages, but rather, need only show transgressions which are of a continuing nature. (*SSA Foods v. Giannotti* (1982), 105 Ill. App. 3d 424, 428, 434 N.E.2d 460; *Sports Unlimited, Inc. v. Scotch & Sirloin of Woodfield, Inc.* (1978), 58 Ill. App. 3d 579, 374 N.E.2d 916.) We believe that the continuing withdrawal by defendants of substantial, and as of yet undetermined, amounts of money in payment of their litigation expenses would constitute an irreparable injury of this nature, which injunctive relief is designed to protect against.

We also find that plaintiffs have raised a fair question as to the

existence of the right claimed, leading this court to believe that plaintiffs will probably be entitled to the relief prayed for it the proof should sustain their allegations, and making it appear advisable that the positions of the parties should stay as they are until the trial court has had an opportunity to consider the case on the merits. Thus, the fourth requirement for injunctive relief has been met. *Disher v. Fulgoni* (1984), 124 Ill. App. 3d 257, 263, citing *Baal v. McDonald's Corp.* (1981), 97 Ill. App. 3d 495, 500.

Finally, if we are to accept, as the trial court apparently did, the assertions of defendants that they are "men of substance" and well able to reimburse the Fund and Trusts for the withdrawn monies should they ultimately be adjudged liable, we can foresee no great injury to defendants should we require them to advance their own funds presently and to seek reimbursement, if appropriate, upon the resolution of the underlying dispute.

For the foregoing reasons, this cause is reversed and remanded with directions to enter a preliminary injunction enjoining the payment *pendente lite* of defendants' litigation costs and expenses from the Fund and Trusts, and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

BUCKLEY, P.J., and CAMPBELL, J., concur.