(No. 65125.—

JOSEPH P. BEAZLEY, Director of the Personnel Division, Chicago Police Department, *et al.*, Petitioners, v. THE HONORABLE JOSEPH M. WOSIK, Judge, *et al.*, Respondents.

*Opinion filed January 25, 1988.*

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch, Lynn K. Mitchell and Frederick S. Rhine, of counsel), for petitioners.

Law Offices of Joseph V. Roddy, of Chicago (Joseph V. Roddy and Thomas J. Pleines, of counsel), for respondent Alan S. Rodenberg.

JUSTICE SIMON delivered the opinion of the court.

The petitioners, Joseph P. Beazley, director of the personnel division of the Chicago police department (the personnel division); Fred Rice, superintendent of police; Jesse E. Hoskins, commissioner of the department of personnel for the City of Chicago; Warren Bacon, chairman of the personnel board for the City of Chicago (the board); Addie Wyatt and Carol Shier, members of the board; and the City of Chicago, seek a supervisory order directing respondent Judge Joseph M. Wosik to vacate an order he entered and to dismiss the case brought by respondent Alan Rodenberg. The order at issue required the board to hold a hearing to review the sufficiency of Rodenberg's qualifications for the position of probationary police officer.

Rodenberg, an applicant for employment as a Chicago police officer, passed the written portion of the police officer examination and the assessment center part of the examination. A letter to Rodenberg from Jesse Hoskins dated May 29, 1986, explained that the order of hiring would be based on assessment center scores and that, in addition, each candidate must have successfully completed a background investigation, a drug screen, a medical examination and psychological tests prior to appointment.

On August 22, 1986, Beazley sent Rodenberg a letter stating that "[a]s a result of your psychological testing and evaluation the Police Department will not recom-

mend you for hire as a Police Officer." On September 4, 1986, Rodenberg's attorney wrote to Hoskins requesting a hearing before the board to review Beazley's decision. It is not apparent from the record whether Rodenberg or his attorney received any reply to this letter, but, in any case, no hearing was ever held.

Rodenberg filed a petition for administrative review in the circuit court of Cook County on September 22, 1986. The petition stated that the decision regarding Rodenberg was against the manifest weight of the evidence because the reasons given for refusing to recommend Rodenberg for hire were vague and indefinite and the decision was arbitrary and capricious. It also stated that the personnel division and the board erred in refusing to allow Rodenberg to argue his case before the board. The circuit judge ordered the board to "hold a hearing to review the matter of Alan Rodenberg and determine the sufficiency of [his] qualifications for the position of probationary police officer and to review the decision of the Chicago Police Dept. of Personnel."

Petitioners filed a notice of appeal, and the appellate court granted Rodenberg's motion to dismiss the appeal, finding that the order appealed from was not final and appealable. Beazley and the other petitioners then filed their petition for a supervisory order in this court.

Petitioners raise the following challenges to the circuit court's order: (1) none of the petitioners is subject to the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, pars. 3—101 through 3—112); (2) there has been no final decision that is reviewable; (3) Beazley's recommendation that Rodenberg not be hired is not an administrative decision; (4) the circuit court lacked the authority to order the board to hold a hearing; and (5) Rodenberg has no right to a hearing. We agree with the petitioners on the latter point, and therefore it is unnecessary to address the other issues that they raise.

Although this court is sympathetic to Rodenberg's dissatisfaction with the reasons given for the decision not to recommend him for hire, the circuit court erred in ordering a hearing before the board because a job applicant simply has no right to a hearing. We have neither been referred to nor have we found any statute, ordinance or rule that creates such a right. The City of Chicago personnel rules provide for grievance proceeding hearings for those already employed by the city (Rule XVI) and disciplinary hearings before the board for discharges, demotions and suspensions of career service employees (Rule XVIII), but not for hearings for job applicants. In addition, a probationary police officer may be discharged without a hearing (*Romanik v. Board of Fire & Police Commissioners* (1975), 61 Ill. 2d 422, 425), and it follows that an unsuccessful applicant for the position of probationary police officer need not be given a hearing.

Because Rodenberg has no right to a hearing before the board, we feel that the extraordinary remedy of a supervisory order is warranted here, and we direct the circuit court of Cook County to vacate all orders that have been entered and dismiss the case.

*Motion granted.*