RAYMOND YOUNG, Plaintiff-Appellant, v. BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF MOUNT PROSPECT *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—89—3033

Opinion filed December 14, 1990.

Stanley H. Jakala, of Berwyn, for appellant.

Glass, Hill, Dallmeyer & Roth, Ltd., of Northbrook (Everette M. Hill, Jr., of counsel), for appellees.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Raymond Young (Young), filed a complaint for administrative review seeking reversal of a decision by the defendant, the Board of Police and Fire Commissioners of the Village of Mount Prospect (the Board). The decision denied the plaintiff's request for an evidentiary hearing for the purpose of obtaining testimony from the persons who evaluated him for potential promotion from firefighter to fire lieutenant in the Mount Prospect fire department. The circuit court affirmed the decision of the Board.

Young, a 15-year veteran of the fire department, applied for a promotion to lieutenant. In accordance with its rules, the Board set up a prescreening process to select eight candidates who would be eligible for further consideration for promotion. The prescreening process required an applicant to pass psychological examinations and also a "fire ground simulation." Once this pass/fail portion of the process was complete, a successful applicant also needed to achieve minimum scores of 80 points (of a possible 100) on two written tests: a standard knowledge test and a local knowledge test. If these minimum scores were obtained, the applicant then received a "merit and efficiency rating" based on seven differently weighted factors: emergency performance, leadership part I, leadership part II, job knowledge, teamwork, initiative and written communication. Job knowledge, the Board informs us, is an objective rating based upon departmental records as to whether the firefighter has received formal training for the listed job specialty. Three supervisors independently evaluated the candidate's abilities in the remaining six areas, and their evaluations produced an average score in each area, which was then multiplied by a "weighting" factor. The sum of these weighted scores was the candidate's merit and efficiency rating. The results of the standard knowledge test and the local knowledge test were also weighted and then added to the merit and efficiency rating to produce each candidate's total score.

Young did not receive one of the top eight total scores and, therefore, was not included on the list of those eligible for further consideration for promotion. Young appealed to the Board, stating that "[t]he issue is whether chief's points [the merit and efficiency rating] should have been utilized in the evaluation of the firefighters *** competing for the firefighter lieutenant's position." Young raised nine specific objections to the Board's evaluation process and his particular ratings; these objections centered on two areas of the merit and efficiency rating: job knowledge and teamwork. Young asked the Board to stay further consideration of the candidates for promotion until it considered his appeal, *to eliminate the use of merit and efficiency scores ("chief's points"), ex-*

*cept for seniority points based solely on length of time in service to the department,* and to recalculate the candidates' total scores using raw scores rather than weighted ones. The Board reviewed the appeal and, in a written response, rejected each of the nine arguments raised.

The plaintiff's complaint for administrative review alleged that before the Board entered its decision, the plaintiff's attorney had "requested that there be a hearing scheduled for the purpose of receiving testimony to review all of the testing procedures as reflected in the [score sheets], and particularly the procedure relating to teamwork." The complaint further alleged that, "in lieu of arranging for a hearing for purposes of taking testimony to determine the validity of the testing procedures, *** the [Board] rendered their decision." (We note that no such request, in the form of a letter, transcript of proceedings or otherwise, appears in the record on appeal. At oral argument before this court, however, the Board's attorney acknowledged that Young's attorney did request a hearing.) During argument before the circuit court, Young's attorney argued that

> "the subjectivism [of the raters] resulted in a lower score for my client in that my client should have the right to have a hearing *to question the raters on how they achieved these scores* because it doesn't seem that these scores are indicative of his abilities as a firefighter." (Emphasis added.)

Later, the attorney stated, "I'm not asking for anything more than [a hearing]. *I want the opportunity to confront the raters.*" (Emphasis added.) The trial judge determined that, absent some preliminary showing of bias or prejudice, the Board lacked the authority to conduct a hearing in order to inquire into the bases for the opinions reached by the persons who evaluated Young. Also, the judge concluded that, based on the record, the system used by the Board to evaluate candidates for promotion was not improper; he, therefore, affirmed the Board's decision. In his brief in this court, the plaintiff has set forth the issues to be whether the Board's denial of a hearing for the purpose of receiving testimony to review all the testing proceedings undertaken by the Board was against the manifest weight of the evidence and was contrary to law. He also argues that the denial of the hearing constituted a violation of procedural due process and that failure to consider Young's seniority in service to the department, rather than in different job specialties, did not comply with the requirements of the statute (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—15).

■ The Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 1—1—1 *et seq.*) provides the following statutory authorization for the Board regarding promotions:

"The board, by its rules, shall provide for promotion in the fire and police departments on the basis of ascertained merit and seniority in service and examination \*\*\*. All examinations for promotion shall be competitive among such members of the next lower rank as desire to submit themselves to examination." (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—15.)

Section 12 of chapter 4 of the Board rules provides for appeals to the Board by unsuccessful candidates:

"If a promotional candidate wishes to appeal the results of any element of the testing process, written appeals must be made to the [Board] within 10 days of the posting of the eligibility test.

\* \* \*

The written appeal must be written to the Secretary of the Board or his designated representative and must plainly state:

(a) The phase of the promotional process which is being appealed.

(b) The reason(s) for the appeal.

Appeals will be reviewed at the [Board's] next regularly scheduled meeting. The [Board] shall issue a written response *or may conduct such further investigations* as it deems appropriate. However, all appeals shall be disposed of within 120 days of the original date of appeal." (Emphasis added.)

■ The statute empowers the Board to make rules regarding the promotion process. The Board's rule provides that the Board, in its discretion, may conduct an investigation. We believe, contrary to the argument of the Board, that this investigatory power includes the power to conduct the hearing sought by the plaintiff. (*Cf. Beazley v. Wosik* (1988), 119 Ill. 2d 437, 519 N.E.2d 468 (holding that in the *absence* of any statute, ordinance or rule creating a right to a hearing, the respondent, who was not hired as a probationary police officer on the basis of a psychological evaluation, had *no right to a hearing* before the personnel board on his qualifications for the position).) The Board's rule states, "The [Board] shall issue a written response or *may* conduct such further investigations as it deems appropriate." (Emphasis added.) Thus, the question becomes whether the evidence before the Board *required* a hearing and that denial of a hearing was an abuse of discretion; or, put another way, whether the denial was against the manifest weight of the evidence. See *Jefco Laboratories, Inc. v. Carroo* (1985), 136 Ill. App. 3d 793, 483 N.E.2d 999.

■ As the trial judge found, there was no evidence offered that the persons who evaluated Young were biased or prejudiced against him in any way. In fact, the plaintiff concedes this point, arguing that the hear-

ing was necessary *to discover whether any such bias or prejudice existed.* Moreover, the subjective nature of the evaluations of Young by the raters does not give rise to a presumption of bias or prejudice. Indeed, Illinois courts have recognized the legislature's intent to leave such matters as merit and efficiency ratings to the sound discretion of the Board. (*Zuelke v. Board of Fire & Police Commissioners* (1979), 79 Ill. App. 3d 1080, 398 N.E.2d 1080.) As the Illinois Appellate Court for the Second District stated in *Hauri v. Batzel* (1979), 71 Ill. App. 3d 164, 166, 389 N.E.2d 257:

> "While it is true \*\*\* that it would be difficult for the plaintiff to ascertain actual prejudice, even if it existed, from the anonymous basis on which the 'Chief's Rating' was developed, this in no way indicates that there *was* any prejudice or partisanship and the mere possibility of such prejudice or partisanship cannot give rise to a cause of action, since that possibility is always present in human affairs. The statute does not require the detachment of a computer in making promotions for police officers, and it is perhaps just as well that in making such a decision we do not throw away judgments based on human experience and personal observations." (Emphasis in original.)

In the absence of any evidence of bias or prejudice in the evaluations of Young, we judge that the Board did not err in denying Young an evidentiary hearing. We would add an additional observation. Acceptance of the plaintiff's argument would have a calamitous effect on civil service promotional procedures. Any disappointed applicant for promotion would be entitled to a hearing at which he could examine all persons who made subjective evaluations of his performance, without any preliminary proof of bias or error on the part of the evaluators in the Micawberish expectation that some such proof would "show up."

The plaintiff poses the same argument on two other legal grounds: the refusal to grant a hearing was contrary to law and was a denial of due process. It would unduly lengthen this opinion to discuss these additional theories. It is enough to say that the same reasons we have already advanced support our rejection of the plaintiff's argument based on those alternative grounds.

■ The plaintiff's last contention is that the Board erred in considering factors other than years of service in determining seniority in service. The statute requires that promotions be based, in part, on "seniority in service." (Ill. Rev. Stat. 1989, ch. 24, par. 10–2.1–15.) Neither the statute nor the Board's rules, as far as we can determine, define "seniority in service." The Board's rules do, however, limit eligibility for promotion to those persons who "have completed their probationary

period *** prior to the date on which the examination [was] conducted and *** have completed one full year of service in the rank held after completing said probationary period." The record provides a summary sheet indicating Young's scores for the seven areas comprising "merit and efficiency." This rating sheet shows that a candidate is awarded points for length of service in various job specialties. For example, a candidate who had served as "Firefighter III" would receive the following points: 14 points for six months to one year; 19 points for one to two years; or 25 points for more than two years. Young received 25 points in this area. Young also received the maximum points for service of more than two years in the areas of "Committee Chairman" (16 points) and "Committee Participation" (9 points). He did not receive any points in the 21 other specialty areas.

In considering whether the Board's promotional process adequately accounts for seniority in service as required by the statute (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—15), this court must accord substantial deference to the Board and interfere only if the Board's interpretation is plainly erroneous or inconsistent with long-settled construction. (*Scheffki v. Board of Fire & Police Commissioners* (1974), 23 Ill. App. 3d 971, 320 N.E.2d 371.) In *Scheffki* this court affirmed the interpretation of the defendant, the Board of Fire and Police Commissioners of Calumet City, that seniority in service, as used in the same statute presently at issue (Ill. Rev. Stat. 1967, ch. 24, par. 10—2.1—15), did not require the defendant to credit the plaintiff, who had voluntarily resigned for two years from the police force and was then reappointed as a patrolman, for his earlier five years of service in determining promotions to sergeant. In so doing, the court concluded that the board's interpretation was not erroneous, arbitrary or inconsistent with its rules and that the statute did not require the board to give credit for all service whether continuous or not. (23 Ill. App. 3d at 974.) Likewise, the Board in this case acted within its discretionary authority in determining not to grant credit for each applicant's absolute length of service, but to credit seniority in service based on various job specialties. The trial judge found that the Board's separate classifications for determining "seniority in service" was not erroneous or arbitrary. We agree with that conclusion of the trial judge.

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

LaPORTA, P.J., and RAKOWSKI, J., concur.