LIMMIE ESTES *et al.*, Plaintiffs-Appellees, v. CHARLES SMITH *et al.*, Defendants-Intervenors (South Holland Trust and Savings Bank, Defendant-Appellant).

First District (6th Division)   No. 1—92—0552

Opinion filed April 16, 1993.—Rehearing denied May 21, 1993.

Russell T. Paarlberg, of Van Der Aa, Lanting & Paarlberg, Ltd., of South Holland, for appellant.

Larry D. Drury, Ltd., of Chicago, for appellees.

Carol Smith, of American National Mortgage Corporation, of Chicago, *pro se*, for intervenors.

JUSTICE EGAN delivered the opinion of the court:

This is an appeal by the defendant, South Holland Trust and Savings Bank (South Holland), from an order denying the defendant's motion to dissolve a preliminary injunction granted in favor of the plaintiffs. We

granted the defendant, Carol Smith, a nonlawyer, leave to intervene *pro se* as an appellant.

The plaintiffs are Limmie Estes, Ellen Clark, Beatrice Jackson, executrix of the estate of Wardell Jackson, and Clark, Estes and Jackson, an Illinois partnership. On January 22, 1986, Estes, Clark and Wardell Jackson, individually and as members of a partnership, entered into an oral agreement with Charles Smith and Carol Smith, individually and in their capacity as representatives of defendants American Financial Services and American and International Financial Services. At the same time, the plaintiffs entered into a written agreement with the defendant American National Mortgage Corporation under the same terms and conditions contained in the oral agreement with the Smiths. The written agreement was signed on behalf of American National Mortgage by Carol or Charles Smith. (The defendants will be collectively identified throughout this opinion as "Smith.") The written agreement provides for the plaintiffs to loan $30,000 to Smith for five years and for Smith to pay 20% interest and that the collateral "may be pooled and pledged" by Smith. The collateral was a certificate of deposit (CD) to be issued by South Holland. The plaintiffs initialed a line on the agreement providing "[a]ll interest on collateral to accumulate over the life of this agreement." In an addendum to the agreement, the plaintiffs assigned to Smith an unspecified CD valued at $30,000 from South Holland. The plaintiffs also advanced to Smith three checks totalling $30,000.

The promissory note from Smith to the plaintiffs is signed by Carol Smith and is dated January 25, 1986. At the top, the note states that it represents a "collateral loan" and explains: "[Smith] is holding C.D. #028—937903[;] it will mature on 1/25/91[;] principal and interest will then be paid to the note holder." The note lists the interest rate as 20%, or 10% if the plaintiff partnership terminates. The note also states that interest is "per annum payable annually, commencing annually and on every anniversary thereafter [and p]rincipal and interest shall be payable in full on 1/25/91."

Smith used the $30,000 borrowed from the plaintiffs to procure CD 028—9379303—3 from South Holland on January 25, 1986. The CD states "this account is not transferable" and shows the amount as $30,000, Smith as the payee, and a January 25, 1991, maturity date.

Smith used this CD as collateral for loans from South Holland twice. On or about March 25, 1986, Smith assigned CD 028—937903—3 and another CD, number 028—941083—8, to South Holland as collateral for a $110,000 loan from South Holland. On March 5, 1990, Smith used CD 028—937903—3, along with other funds including CD 028—941083—8, as collateral for a loan from South Holland for $90,000.

According to the complaint filed March 6, 1990, Smith breached the oral and written agreements by never giving the plaintiffs a copy of the original CD, refusing the plaintiffs' later request for a copy of the CD, refusing the plaintiffs' request for a return of the $30,000, refusing to pay any interest to the plaintiffs, refusing to provide the plaintiffs with an accounting of the $30,000, and refusing to give the plaintiffs copies of any records regarding the $30,000. Count I of the complaint against Smith alleged a breach of contract; count II alleged fraud.

In addition to seeking compensatory and punitive damages from Smith, the plaintiffs requested injunctive relief restraining "the defendants [including South Holland] and their agents and employees from disbursing any of their funds in an amount equal to $30,000 with interest" and directing them "to refund to the plaintiffs their $30,000 with interest."

On March 26, 1990, after the complaint was filed and after South Holland made the $90,000 loan to Smith, South Holland rolled over CD 028—937903—3, which was to mature on January 25, 1991, for a new five-year term at an 8% interest rate. The new CD number is 9474685 and runs until March 26, 1995. The parties do not dispute that CD 9474685 is the successor to the CD Smith originally obtained with the plaintiffs' $30,000.

In its answer, South Holland admitted that it held a $30,000 CD as collateral for a loan to Smith. South Holland also alleged as an affirmative defense that it maintained a perfected security interest in the CD under the Uniform Commercial Code (Ill. Rev. Stat. 1989, ch. 26, par. 1—101 *et seq.*) because South Holland had possession of the CD.

Smith answered, denied any breach of the agreement and alleged as an affirmative defense that the plaintiffs had an adequate remedy of law.

On April 26, 1990, Judge Robert Sklodowski entered a temporary restraining order (or preliminary injunction) based on the plaintiffs' motion. The order generally enjoins any defendants, including South Holland, from disposing of or disbursing CD No. 9474685, which is listed as "formerly certificate #'s 028—937903—3, CD 028—941083—8, all of which refer to South Holland Bank loan #27800 for $90,000 as closed 3/5/90."

On May 16, 1991, Smith filed a petition to dissolve the injunction order entered by Judge Sklodowski. On that day Judge Arthur Dunne, who had replaced Judge Sklodowski in this case, ruled on several of the parties' motions. Over the objection of the plaintiffs, he ordered that the injunction order entered by Judge Sklodowski be dissolved. On May 17, 1991, Judge Dunne transferred the case from the chancery division to the law division.

On June 14, 1991, Judge Dunne heard arguments on the plaintiffs' motion for reconsideration of his order dissolving the injunction. Judge Dunne adhered to his view that the case would be properly heard as a law matter but reinstated the injunction only for CD No. 9474685, which, we repeat, the parties recognize as the successor to the CD Smith originally obtained with the plaintiffs' $30,000. Judge Dunne said that any accounting would be so simple that it could be considered as part of the law action.

On June 21, 1991, South Holland filed another motion to dissolve the injunction that Judge Dunne had reinstated June 14, 1991. That motion was ultimately heard by Judge Lassers of the law division on January 7, 1992. On January 23, 1992, Judge Lassers denied South Holland's motion to dissolve the injunction. It is from that order that this appeal is taken.

The plaintiffs argued that South Holland was equitably estopped from seeking dissolution of the injunction because South Holland allegedly had agreed to the original injunction order of Judge Sklodowski, and that South Holland knew of the agreement between Smith and the plaintiffs when it rolled over the original CD after the suit was filed and before the original CD matured. Before ruling, Judge Lassers said that dissolution of the injunction would seriously prejudice the plaintiffs because dissolution would permit the bank to cash the CD. He said that he was troubled by the question of why the CD was rolled over after the complaint was filed and before the expiration of the first CD. He noted also that the first injunction order was entered by agreement, a point which he felt impressed Judge Dunne, and that it impressed him.

We agree with Judge Lassers that the timing and circumstances of the rollover of the CD are troubling. But we do not agree that South Holland is equitably estopped because the original injunction order of Judge Sklodowski might have been entered by agreement. And we do not agree that the injunction should not have been dissolved.

We will first discuss equitable estoppel. Equitable estoppel "is a doctrine developed in equity to prevent [one] party from asserting rights where the assertion of those rights would work a fraud or injustice on another party." *Launius v. Najman* (1984), 129 Ill. App. 3d 498, 504, 472 N.E.2d 170, 174.

■ There are six elements of equitable estoppel that the plaintiffs must prove. They are (1) voluntary words or conduct by the estopped party amounting to a misrepresentation; (2) actual or implied knowledge of the estopped party that the representations were not true; (3) lack of knowledge of the true facts by the innocent party; (4) intent, or a reasonable expectation, on the part of the estopped party that the innocent party would act on the misrepresentations; (5) a reasonable, good-faith,

detrimental change of position by the innocent party based on the misrepresentations; and (6) prejudice to the innocent party. *Vaughn v. Speaker* (1988), 126 Ill. 2d 150, 533 N.E.2d 885.

In this case, there is nothing in the record to support a finding that the plaintiffs changed their position based on the fact that the defendant agreed to the injunction and, more important, there is nothing in the record to support a finding that the injunction order caused any detriment or prejudice to the plaintiffs. (See *Peoria Police Sergeants v. Peoria Board of Fire & Police Commissioners* (1991), 215 Ill. App. 3d 278, 574 N.E.2d 1240.) We turn now to the merits of the case.

█ In order to be entitled to the issuance of an injunction, a party must establish a certain and clearly ascertainable right which needs protection; there is no adequate remedy at law; irreparable injury will occur without the protection of an injunction; and there is a reasonable likelihood of success on the merits. (*Greenspan v. Mesirow* (1985), 138 Ill. App. 3d 294, 485 N.E.2d 1196.) We judge that the plaintiffs have failed to establish a clear legal right which needs protection; that they do not have an adequate remedy at law; and that they will suffer irreparable injury. The case of *Grower Service Corp. v. Brown* (1990), 204 Ill. App. 3d 532, 561 N.E.2d 1294, is strongly on point and is persuasive of the defendants' position here. In *Grower* the plaintiff obtained an injunction restraining the defendant bank from using funds deposited in the bank to satisfy a debt the depositor owed the bank. The plaintiff requested the injunction because the depositor also owed the plaintiff a substantial amount of money; the depositor had given the plaintiff several checks that were returned unpaid due to insufficient funds, had other outstanding debts, sold many assets at a public sale, and was allegedly almost insolvent.

The bank contended that the injunction was invalid because it amounted to a prejudgment attachment without meeting the conditions set forth in the attachment statute. (Ill. Rev. Stat. 1987, ch. 110, par. 4–101 *et seq.*) The appellate court reversed the order denying dissolution of an injunction:

> "Injunctive relief is reserved for those situations where there exists no adequate legal remedy. Where money damages provide adequate remedy, injunctive relief is not proper. [Citation.] Because the only relief requested by plaintiff is monetary, injunctive relief is inappropriate and resembles a prejudgment attachment. The sole exception to the rule prohibiting prejudgment attachments is where the funds which are the subject of the injunction are also the subject of the dispute. [Citation.] The exception contemplates specific funds such as insurance proceeds or inheritances. Injunctive relief has been found inappropriate in disputes involving the proceeds

from the sale of real estate to which defendants believe they were entitled [citation], and real estate commissions to which the plaintiff felt he was entitled [citation]. Neither case met the requirements of the exception because the funds sought to be enjoined were not the specific funds in dispute. Similarly, in the instant case, plaintiff merely seeks satisfaction of a debt with interest. Plaintiff has no specified interest in the $200,000 sale proceeds that are the subject of the injunction." *Grower*, 204 Ill. App. 3d at 535.

In this case, the plaintiffs seek money damages, and the plaintiffs' claim of fraud does not change the character of the complaint. A party alleging fraud in a contract action has an election of remedies: he may seek rescission of the contract or he may seek money damages for breach of contract or he may seek money damages on a tort claim. (*Sciarabba v. Chrysler Corp.* (1988), 173 Ill. App. 3d 57, 527 N.E.2d 368.) The plaintiffs are not listed on the CD in any capacity, and the loan agreement they signed allowed Smith to pledge their money. Like the plaintiffs in *Grower*, the plaintiffs in this case were not entitled to any specific $30,000, but just the sum of $30,000 plus interest. We note that the dissenting opinion in *Grower* did so because of allegations that the debtor was insolvent or was about to become insolvent. There are no such allegations in the case before us. (*Cf. Carriage Way Apartments v. Pojman* (1988), 172 Ill. App. 3d 827, 527 N.E.2d 89; see also *Maas v. Cohen Associates, Inc.* (1983), 112 Ill. App. 3d 191, 445 N.E.2d 517.) We judge that the injunction order entered in this case was a *de facto* attachment and was thus invalid.

For these reasons, we conclude that the trial judge abused his discretion by refusing to dissolve the injunction.

Smith asks that we reverse the order denying the motion to dissolve the injunction and for this court to order the return of the CD to Smith. We decline to order the return of the CD to Smith. The only issue before us is whether the trial judge abused his discretion in refusing to dissolve the injunction; the ultimate resolution of the rights of the parties is for the trial court.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

RAKOWSKI and GIANNIS, JJ., concur.